JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Shannon Baum

## DEFENDANTS
Officers Michael Ortega, Martin Vigil, Greg Esparza, The Espanola Police Department, The City of Espanola

(b) County of Residence of First Listed Plaintiff  Rio Arriba
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Rio Arriba
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Daniel R. Marlowe, PO BXox 8207, Santa Fe, NM 87504
(505) 988-1144/fax (505) 820-7652

Attorneys (If Known)
Frank Coppler, 645 Don Gaspar Ave, Santa Fe, NM 87505-2696
(505) 988-5656

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 usc 1983
Brief description of cause:
excessive force, failure to pfrotect

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**Shannon Baum,**

      **Plaintiff,**

vs.

**Officer Michelle Ortega, Officer Martin Vigil, Officer Greg Esparza,**

**and JOHN DOES 1 THROUGH 10 in his/her official capacity**

**as employees/ law enforcement officers of Espanola Police Department;**

**Espanola Police Department, a Department of the City of Espanola, State of New Mexico; and**

**The City of Espanola, State of New Mexico, County of Rio Arriba, State of New Mexico.**

      **Defendants.**

**No. _____**

## CIVIL COMPLAINT FOR DAMAGES FOR DEPRIVATION OF CIVIL AND CONSTITUTIONAL RIGHTS, COMMON LAW TORTS, AND STATUTORY RIGHTS

**COMES NOW** the Plaintiff, in her own capacity, by and through the undersigned attorney, and in support of this Civil Complaint for damages against Defendants does respectfully allege as follows:

## INTRODUCTION

1. This Complaint alleges federal and state civil rights, state common law claims, and statutory violations against persons and entities responsible for detaining and incarcerating Plaintiff at the City of Espanola Police Department. These claims arise from the deliberate and conscious violation of Plaintiff's rights, the failure of Defendants to adequately protect Plaintiff, and the failure of Defendants to follow proper standard of care within the scope of their employment and duties as law enforcement officers.

1

2. On or about June 7, 2011 Plaintiff was detained and incarcerated when at least three police officers beat, threatened and otherwise assaulted and battered Plaintiff.

3. Defendant officers violated Plaintiff's civil rights and occurred while he/or she were on duty, performing his/her duties and responsibilities as a law enforcement officer with the Espanola Police Department.

4. Defendants were responsible for ensuring that Plaintiff's civil rights were maintained while in their custody and that proper procedures were followed.

5. Instead, Plaintiffs rights were deliberately and consciously ignored and disregarded by Defendants.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's claims pursuant to pursuant to title 42 U.S.C. 1983 and Section 41-4- 12 NMSA 1978 and 42 U.S.C. 1983.

7. All actions complained of herein occurred in the City of Espanola, County of Rio Arriba, State of New Mexico.

8. Notice of this claim was given to Rio Arriba County pursuant to NMSA 41-1-16 on August 2, 2011.

## PARTIES

9. The Plaintiff is, and at and all times material hereto, was a resident of Rio Arriba County, New Mexico.

10. Upon information and belief, the Defendants Officer Michelle Ortega, Officer Martin Vigil, Officer Greg Esparza, and John Does 1 through 10 were employees and acted in

their official capacity as law enforcement officers and/or agents of Espanola Police Department, City of Espanola, State of New Mexico.

11. At all times relevant hereto, the Defendants Officer Michelle Ortega, Officer Martin Vigil, Officer Greg Esparza and John Does 1 through 10 were acting under the color of law and under the color of their authority as police officers and/or employees of Espanola Police Department.

12. The Defendants John Does 1-10 are unknown police officers and/ or employees employed by the Espanola Police Department at the time of Plaintiff's detention/incarceration and in connection with Plaintiff's claims, are being sued both individually and in their official capacity as officers/employees of the Espanola Police Department.

13. The Defendant Espanola Police Department is and at all times relevant hereto, located in the City of Espanola, County of Rio Arriba, State of New Mexico and is an agency of the City of Espanola, the State of New Mexico. The Defendant Espanola Police Department is liable for the conduct of its officers and/or employees under the doctrine of agency and/or *respondeat superior*.

14. At all times relevant hereto, the Defendants were acting for and on behalf of the City of Espanola, as agents thereof and were employed by the City of Espanola.

15. The Defendant City of Espanola is at all times relevant hereto, located in the City of Espanola, County of Rio Arriba, State of New Mexico . The municipality City of Espanola is liable for the misconduct of its agents under the doctrine of agency and *respondeat superior*.

## BASES FOR CAUSES OF ACTION

16. 42 U.S.C. § 1983, New Mexico State Torts Claims Act, NMSA 1978, § 41-4-12, the U.S. and New Mexico Constitutions, and New Mexico Common Law.

## FACTS COMMON TO ALL CAUSES OF ACTION

17. Plaintiff incorporates herein the paragraphs above as if the same were set forth anew.

18. On or about June 7, 2011, at approximately 6: 19 P.M., Plaintiff was assaulted and severely battered by Defendant Espanola Police Officers acting in their official capacity as law enforcement agents of the Espanola Police Department.

19. At the time and place in question, Plaintiff was washing her vehicle at the F & A Zip Car Wash & Self Storage 626 La Joya Street, Espanola New Mexico, when Officer Michelle Ortega approached her and asked her to pull her car to the side of the car wash. Officer Ortega inquired why Plaintiff's eyes were red and Plaintiff stated she had been crying. Officer Ortega performed field sobriety tests and placed Plaintiff under arrest for driving under the influence.

20. Plaintiff attempted to gain entry to her vehicle upon being told she was arrested. When Plaintiff was seated in the driver seat of her vehicle, Officer Ortega aggressively placed her body on top of the Plaintiff. Plaintiff attempted to push the officer off her and both parties fell to the ground. Police officer Vigil and Police officer Esparza arrived on the scene and Plaintiff threw her hands in surrender and stated "Okay, Okay". The Plaintiff was maced several times in the face and forcibly slammed against the asphalt driveway of the car wash, face to the floor while the officers handcuffed her.

21. Plaintiff started to cough violently and could not breathe from the excessive mace.

22. Plaintiff continued to scream in pain from the intense burning sensation and her inability to breathe. Plaintiff could not breathe normally nor open her eyes.

23. The officers placed a gag bag tightly around Plaintiff's head which further diminished

Plaintiff's ability to breathe and placed Plaintiff in a life-threatening situation: Plaintiff reasonably believed that she was suffocating as she gasped uncontrollably. Plaintiff was hyperventilating from the serious blockage of the airways.

24. As the Defendant officer belted Plaintiff in, he struck Plaintiff with his elbow forcibly into her side.

25. Plaintiff was transported to the Espanola Police Department, approximately 2.3 miles from the incident. Plaintiff was taken to a room where the bag was removed. Plaintiff was unable to see. Plaintiff was led to a shower and told to take her clothes off, while warm water was turned on. Plaintiff removed her clothing.

26. As a result of the warm water, the burning sensation increased. Plaintiff immediately washed her eyes as she believed that she was blinded. Plaintiff continued to cry as the condition worsened. Plaintiff, unable to see, overheard three or four officers standing by the shower laughing and making jokes about her.

27. Plaintiff suffered physical injuries and mental anguish as a result of Defendants' actions.

28. After the shower, Plaintiff was escorted to a jail cell and given a jump suit where she lay on the cold concrete floor trying to find relief from the burning. Plaintiff was given water due to the extreme thirst caused by the excessive macing.

29. Plaintiff was transported to the Santa Fe County Detention Center where she changed clothes given to her by a female officer. A nurse, at this point, consulted with Plaintiff. Plaintiff informed the nurse that she was in a lot of pain and that her vision was blurred.

30. Plaintiff reports she was in extreme pain and felt as if she were on fire for the first 48 hours. Plaintiff was unable to see anything but blurred forms.

31. Plaintiff reports she was unable to stand in a shower until the fourth day of incarceration and was unable to wash herself and mace out of her hair until the seventh day.

32. Plaintiff reports that she did not feel relief from the effects of macing until fourteen

5