days later.

33. As of the date of the filing of the this Complaint, Plaintiff continues to experience blurred vision and to experience extreme emotional distress from the alleged incident. She has discovered that her front tooth is dead from having her head slammed onto the pavement and she has torn shoulder which has required and will require further surgery.

## FIRST CAUSE OF ACTION

### (CLAIM AGAINST ALL DEFENDANTS FOR DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983)

34. Plaintiff incorporates herein the paragraphs above as if the same were set forth anew.

35. Defendants had an obligation to insure that detainees transported to and incarcerated at the Espanola Police Department were protected in accordance with New Mexico rules, law, and procedure.

36. Defendants had an obligation to insure that detainees were not subject to criminal acts while transported and detained at the Espanola Police Department..

37. Defendants had an obligation to insure that the law enforcement officers of the Espanola Police Department did not use excessive force during the arrest, transport and incarceration of plaintiff.

38. Defendants had an obligation to insure that Plaintiff's rights were not violated while in the custody and control of the City of Espanola Police officers and/or its employees.

39. Defendants had a duty to refrain from violating Plaintiff's constitutional rights and, in particular, had a duty to ensure that they were treated properly and in accordance with proper and generally accepted standards while detained, transported and incarcerated.

40. The conduct of all Defendants deprived Plaintiff of her constitutional right to substantive due process under the Fourteenth Amendment to the United States Constitution, her right not to be subjected to unreasonable search and seizure in

6

violation of the Fourth Amendment, and cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. The conduct of Defendants and the employees of the Espanola Police Department was intentional, unreasonable, reckless, wanton, willful and deliberately indifferent to Plaintiffs' Constitutional rights.

41. The rights in question which Plaintiff alleges were violated by Defendants were Obvious and any reasonable, competent person similarly situated would have been aware that the conduct of Defendants, as described herein, would violate Plaintiffs' Constitutional rights.

42. The conduct of all Defendants, described above, was a direct and proximate cause of the deprivation of Plaintiffs' clearly-established Fourteenth Amendment and/or Fourth Amendment, and/or Eighth Amendment rights, which resulted in the injuries to Plaintiff which resulted in the damages described below.

43. Defendants Espanola Police Department and the City of Espanola are liable for the tortuous acts and omissions Defendants Officers and John Does 1- 10 under the doctrine of *agency* and/or *respondeat superior* .

## SECOND CAUSE OF ACTION
### ( Claims Against Defendants for violations of the Common Law- Negligent failure to Protect and intentional infliction of Emotional Distress)

44. Plaintiff incorporates herein the paragraphs above as if the same were set forth anew.

45. At all relevant times, the Defendants were acting in the discharge of their duties and within the scope of their employment as law enforcement officers of the Espanola Police Department .

46. At all relevant times, the Defendants had the duty to exercise that standard of care

7

to protect the health and safety of Plaintiff ordinarily exercised by reasonably prudent and qualified officers in the same circumstances, had a duty to protect and ensure that all detainees were properly treated, in particular, to take reasonable steps to ensure that Plaintiff was not injured while in custody, and had a duty to use the skill to provide reasonable care to Plaintiff while in their custody.

47. Defendants had a duty to exercise ordinary care in carrying out their duties and ensuring that Plaintiff were not subject to assaults, batteries or abuse while in the control and custody of Defendant officers and/ or employees of the Espanola Police Department.

48. Any reasonable person similarly situated would have been aware that the conduct of Defendant officers and/or other personnel, described herein, would violate Plaintiffs' constitutional rights.

49. Defendants failed to use reasonable care used by qualified police officers under similar circumstances during an arrest and/or detention.

50. At all relevant times, the Defendant Espanola Police Department and the Defendant City of Espanola and, or its agents, servants, employees, and/or affiliates are liable under the doctrines of agency and/or *respondeat superior*.

51. At all relevant times, the Defendants' negligence was the proximate cause of Plaintiff's injuries.

52. As a result of the negligent and deliberately indifferent conduct and omissions of the Defendants, or its agents, servants, employees and/or affiants, defendants breached their duties to Plaintiff.

53. As a result of these acts and omissions of the Defendants or its agents, servants, employees, and/or affiliates, Plaintiff suffered physical injury, lost wages or income, mental anguish, extreme emotional distress including, but not limited to, humiliation, fear, and trauma, incurred medical expenses and other damages to be determined at trial, plus costs.

54. Defendants' conduct against Plaintiff was extreme and outrageous.

55. Defendants acted with intent to cause Plaintiff pain, suffering and/or emotional distress or with reckless disregard for Plaintiff's pain, suffering and/or emotional distress.

56. Plaintiff's physical and mental was extreme and severe due to the nature of the abuse and the fact that the acts were perpetrated by persons in a position of authority over Plaintiff.

57. The actions and/or failures to act by Defendants were a direct and proximate cause of the injuries to Plaintiff resulting in her damages as set forth below.

58. The Defendants Espanola Police Department and the City of Espanola are liable for the tortuous acts and omission of others under the doctrine of agency an *respondeat superior*.

## THIRD CAUSE OF ACTION

### ( Against all Defendants for Claims Arising Under the New Mexico Claims Act )

59. Plaintiff incorporates herein the paragraphs above as if the same were set forth anew.

60. The Defendants immunity is waived under the New Mexico Torts Claims Act, NMSA 1978, § 41-4-12. Defendants were "law enforcement officers" under the New Mexico Torts Claim Act and, at all times relevant, were acting within the course and scope of their duties.

61. Defendants immunity is waived if they engage in conduct resulting in the commission of torts of assault, battery, false imprisonment, abuse of process, libel, slander, defamation of character, violation of property rights, and deprivation of rights, privileges, and immunities secured by the constitution and laws of the United States and New Mexico. *See* NMSA 1978, § 41-4-12.

62. Due to the above-described acts of the Defendants against Plaintiff, Plaintiff

suffered personal injury and bodily injury, trauma, mental anguish, and pain and suffering resulting from the assault, battery, and/or deprivation of rights, privileges or immunity secured by the Constitution and the laws of the State of New Mexico.

63. Defendants breached their duties to Plaintiff.

64. Because Defendants were acting within the scope and course of their duties as employees of the Espanola Police Department and the City of Espanola during the acts complained of, the Defendants Espanola Police Department and the City of Espanola are liable for the officers' wrongful conduct pursuant to the doctrine of agency and *respondeat superior*.

65. Defendants' conduct, described above, is a direct and proximate cause of Plaintiff's injuries which resulted in her pain, suffering, mental anguish and the damages.

## FOURTH CAUSE OF ACTION- PUNITIVE DAMAGES

66. Plaintiff incorporates herein the paragraphs above as if the same were set forth at length.

67. Upon information and belief, there are generally acceptable and widely followed medical guidelines for decontaminating a person who has been maced and is experiencing a loss of vision and is either hyperventilating or incapable of breathing normally.

68. The Defendants deliberately failed to take appropriate steps to protect Plaintiff and/or failed to protect Plaintiff during a transport and at a detention.

69. Defendants' intentional use of excessive force and misconduct were willful, reckless, Wanton and deliberately indifferent to Plaintiffs rights and well being.

70. At all relevant times, Defendants were acting in the scope of their employment and duties.

71. The malicious, willful, intentional and reckless behavior of Defendants was committed with wanton disregard and reckless disregard and indifference for the rights of and physical and mental well being of Plaintiff.

72. The excessive force exercised by Defendants constituted an aggravated assault and aggravated battery on Plaintiff and led to the direct and proximate cause of Plaintiff's injuries.

73. As a direct and proximate result of the Defendants' malicious, willful, intentional and reckless indifferent behavior, Plaintiff suffered personal injuries including, but not limited to, loss of sight, inability to properly breathe for prolonged periods of time, excessive burning sensations to eyes, face and skin for a sustained period, multiple scrapes to the knees, and extreme emotional distress, dental damage and torn shoulder said injuries and costs to be proven at trial.

74. Because the conduct of Defendants involved intentional misconduct, recklessness, *gross negligence*, willfulness and deliberate indifference, and/or Defendants' conduct was motivated by malice, evil motive or intent, Plaintiff is entitled to a recover a separate award of punitive and exemplary damages against each individual Defendant.

75. The Defendant Espanola Police Department is liable for the damages and costs to Plaintiff in an amount to be determined at trial for the intentional misconduct of its police officers who were acting in the course and scope of their official duties under the doctrine of agency and *respondeat superior.*

76. The Defendant City of Espanola is liable for the damages and costs to Plaintiff in an amount to be be determined at trial for the intentional misconduct of its police officers and its police department who were acting in the course and scope of their official duties under the doctrine of agency and *respondeat superior.*

77. As a result of Defendants acts and omissions, Plaintiff has incurred reasonable legal costs and expenses.

## JURY TRIAL

78. Plaintiff hereby demands a jury trial in connection with this matter.

## DAMAGES

A.  Plaintiff suffered damages due to Defendants' acts and omissions, and such damages include hedonic damages for the value of the loss of enjoyment of life itself, as well as economic damages, physical and mental pain, physical injury, suffering, anguish, and trauma.

B.  Plaintiff suffered damages due to Defendants' violations of the Constitutional Rights, including her right to be free from Cruel and Unusual Punishment and Plaintiff's Fourth Amendment Rights.

C.  Because the conduct of Defendants involved intentional misconduct, recklessness, gross negligence, willfulness and/or callous indifference, and/or because Defendants' conduct was motivated by malice, evil motive or intent, Plaintiff is entitled to recover a separate award of punitive and exemplary damages against each individual Defendant.

D.  As a result of Defendants' acts and omissions, Plaintiff has incurred reasonable legal costs and expenses.

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct and actions against Plaintiff, Plaintiff has suffered personal injuries and damages both temporary and permanent, and therefore prays for judgment against the Defendants on the foregoing causes of action for damages to be determined by the trier of fact, including but not limited to:

1. Actual damages;
2. Compensatory damages;

3. Damages for emotional distress;

4. Punitive damages;

5. Any and all damages allowed by statute;

6. Reasonable attorney fees and costs;

7. The costs of action, including attorney's fees pursuant to 42 U.S.C. § 1988 on Plaintiff's 1983 claims; and

8. Such other and further relief to the Plaintiff as to the Court deems just and proper.

Dated: October ___, 2013

By: _____
Daniel R. Marlowe
Attorney for Plaintiff
P.O. Box 8207
Santa Fe, NM 8207
505.988.1144