IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHANNON BAUM,

    Plaintiff,

v.                                                              No. 13-CV-01060 RHS/ACT

**OFFICER MICHELLE ORTEGA, OFFICER MARTIN VIGIL,
OFFICER GREG ESPARZA, and JOHN DOES 1 THROUGH 10**
in his/her official capacity as employees/law enforcement officer of
Espanola City Police Department, **ESPANOLA POLICE
DEPARTMENT,** a Department of the City of Espanola,
State of New Mexico; and **THE CITY OF ESPANOLA,** State of
New Mexico, County of Rio Arriba, State of New Mexico,

    Defendants.

## ANSWER TO CIVIL COMPLAINT FOR DAMAGES FOR DEPRIVATION OF CIVIL AND CONSTITUTIONAL RIGHTS, COMMON LAW TORTS, AND STATUTORY RIGHTS

COME NOW the Defendants by and through their counsel of record Basham & Basham, P.C. and answer Plaintiff's Civil Complaint for Damages for Deprivation of Civil and Constitutional Rights, Common Law Torts and Statutory Rights (hereinafter "Complaint") as follows:

1. The Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. The Defendants admit that Plaintiff was detained and incarcerated on June 7, 2011 alleged in Paragraph 2 of the Complaint. The remaining allegations are denied.

3. The Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. The Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. The Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. The Defendants admit the allegations contained in Paragraphs 6 and 7 of the Complaint.

7. The Defendants deny the allegations contained in Paragraph 8 of the Complaint.

8. The Defendants admit the allegations contained in Paragraphs 9 -12 of the Complaint.

9. The Defendants admit the allegations contained in the first sentence of Paragraph 13 of the Complaint. The Defendants deny the second sentence as it is a conclusion of law.

10. The Defendants admit the allegations contained in Paragraph 14 of the Complaint.

11. The Defendants admit the allegations contained in the first sentence of Paragraph 15 of the Complaint. The Defendants deny the second sentence as it is a conclusion of law.

12. The Defendants admit the allegations contained in Paragraph 16 of the Complaint.

13. With respect to Paragraph 17 of the Complaint the Defendants incorporate their answers to the prior paragraphs as if the same were set forth anew.

14. The Defendants deny the allegations contained in Paragraph 18 of the Complaint.

15. With respect to Paragraph 19 of the Complaint the Defendants deny the allegations except for those in the last sentence.

16. The Defendants deny the allegations contained in Paragraphs 20 – 27 of the Complaint.

17. The Defendants are without sufficient information as to the allegations contained in Paragraphs 28 – 33 of the Complaint and, therefore, deny them.

18. With respect to Paragraph 34 of the Complaint the Defendants incorporate their answers to the prior paragraphs as if the same were set forth anew.

19. With respect to Paragraphs 35 – 39 of the Complaint they state conclusions of law. To the extent that they do not state conclusions of law they are denied.

20. The Defendants deny the allegations contained in Paragraphs 40 – 43 of the Complaint.

21. With respect to Paragraph 44 of the Complaint the Defendants incorporate their answers to the prior paragraphs as if the same were set forth anew.

22. The Defendants admit the allegations contained in Paragraph 45 of the Complaint'

23. With respect to Paragraphs 46 and 47 of the Complaint they state conclusions of law. To the extent that they do not state conclusions of law they are denied.

24. The Defendants deny the allegations contained in Paragraphs 48 – 58 of the Complaint.

25. With respect to Paragraph 59 of the Complaint the Defendants incorporate their answers to the prior paragraphs as if the same were set forth anew.

26. The Defendants deny the allegations contained in Paragraphs 60 – 65 of the Complaint,

27. With respect to Paragraph 66 of the Complaint the Defendants incorporate their answers to the prior paragraphs as if the same were set forth anew.

28. The Defendants are without sufficient information as to the allegations contained in Paragraph 67 of the Complaint and, therefore, deny them.

29. The Defendants deny the allegations contained in Paragraphs 68 and 69 of the Complaint.

30. The Defendants admit the allegations contained in Paragraph 70 of the Complaint.

31. The Defendants deny the allegations contained in Paragraphs 71 – 77 of the Complaint.

32. The Defendants admit the allegations contained in Paragraph 78 of the Complaint.

33. The Defendants deny the allegations contained in Paragraphs A – D, 1 – 8 of the Complaint

34. The Defendants state that any fact not specifically admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Defendants breached no duty owed to Plaintiff.

3. The Defendants activities were lawful, in good faith and in the exercise of governmental functions.

4. At all times relevant hereto, the Defendants actions were reasonable, proper and constitutional.

5. If Plaintiff suffered any injury and damages, such were unavoidable and not caused by these Defendants.

6. Any detriment or damages allegedly suffered by the Plaintiff was due to and caused by Plaintiff's own acts and conduct.

7. If Plaintiff suffered any detriment, such was not caused by these Defendants.

8. Plaintiff failed to take reasonable action to avoid, mitigate or prevent the alleged injury or damage.

9. The Defendant law enforcement officers were, at all times relevant hereto, duly qualified, appointed and acting law enforcement officers and at all times relevant hereto were engaged in the performance of their regularly scheduled duties as law enforcement officers.

10. The Defendant law enforcement officers are not liable for their acts or omissions while exercising due care in the execution or enforcement of the law.

11. Plaintiffs have failed to comply with the provisions of the New Mexico Tort Claims Act, which bars recovery.

12. Plaintiffs' Complaint is barred by sovereign immunity.

13. The Defendant law enforcement officers are not liable for any injury resulting from their acts or omissions where the acts or omissions were the result of the exercise of discretion vested in them as law enforcement officers.

14. The actions of the Defendant law enforcement officers were lawful and proper.

15. Plaintiff knew or should have known that she was being arrested by law enforcement officers and had the duty to refrain from resisting such arrest.

16. The force, if any, used on Plaintiff was reasonable and necessary under the circumstances.

17. Plaintiff has failed to allege, nor can she prove, participation in ratification of or acquiescence by the governmental City Defendant Espanola in the actions of the Defendant law enforcement officers. As such, Plaintiff has failed to state a claim for relief pursuant to 42 U.S.C. §1983.

18. The doctrine of respondeat superior is not an adequate basis for liability of the governmental entity City Defendant Espanola under 42 U.S.C. §1983.

19. Plaintiffs have failed to allege, and cannot prove, an "affirmative link" between the alleged incidents of misconduct by the Defendant law enforcement officers and an express or implied directive or operating procedure of the City of Espanola or law enforcement.

20. Pursuant to N.M.S.A. §41-4-19(D) of the New Mexico Tort Claims Act, these Defendants are not liable for exemplary or punitive damages.

21. The individual Defendants are entitled to qualified immunity.

22. Defendants reserve the right to add additional affirmative defenses as discovery takes place.

**WHEREFORE**, the Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice, award them their costs and attorneys' fees in the defense of this matter, and for such other and further relief that the Court deems is appropriate.

> Respectfully submitted by:
>
> Basham & Basham, P.C.
>
> */s/ Mark A. Basham*
> Mark A. Basham
> 2205 Miguel Chavez, Suite A
> Santa Fe, New Mexico 87505
> 505-988-4575
> Fax: 505-992-6170
> mbasham@bbpcnm.com
> Attorneys for Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of January, 2014, I filed the foregoing Defendants' Answer to Plaintiff's Complaint which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Daniel R. Marlowe
P.O. Box 8207
Santa Fe, NM 87504-8207
Attorney for Plaintiff
lawdanmarl@aol.com

> */s/ Mark A. Basham*
> Mark A. Basham