IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**SHANNON BAUM,**
    Plaintiff,

v.                      No. 13-CV-01060 RHS/ACT

**OFFICER MICHELLE ORTEGA, OFFICER MARTIN VIGIL,
OFFICER GREG ESPARZA, and JOHN DOES 1 THROUGH 10**
in his/her official capacity as employees/law enforcement officer of
Espanola City Police Department, **ESPANOLA POLICE
DEPARTMENT,** a Department of the City of Espanola,
State of New Mexico; and **THE CITY OF ESPANOLA,** State of
New Mexico, County of Rio Arriba, State of New Mexico,
    Defendants.

**DEFENDANTS' UNOPPOSED MOTION FOR JUDGMENT ON THE PLEADINGS AS
TO COUNTS TWO AND THREE OF PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF LAW IN SUPPORT**

**COME NOW** the Defendants, pursuant to Federal Rule of Civil Procedure 12(c) and hereby move this Court to enter judgment on the pleadings in favor of the Defendants on Counts two and three of Plaintiff's Complaint. As grounds for this motion, the Defendants state that the statute of limitations has expired on all tort claims against the Defendants. In compliance with D.N.M. LR-Civ. 7.4, Defendants contacted Plaintiff to determine whether she concurs with Defendants' motion to dismiss. Plaintiff does not oppose the relief sought herein.

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Micale v. Bank One N.A.*, 382 F.Supp.2d 1207, 1216 (D.CO 2005). Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Neiberger v. Hawkins,* 208 F.R.D. 301, 308 (D.D.C. 2002). The determination of a Rule 12(c) motion is

confined to the pleadings and to any documents attached as exhibits to the pleadings, including the defendant's answer. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

Plaintiff's Complaint identifies the date of her alleged injury as June 7, 2011. *See* ¶18 of the Civil Complaint for Damages for Deprivation of Civil and Constitutional Rights, Common Law Torts and Statutory Rights ("Plaintiff's Complaint) [Doc. 1] filed herein on October 30, 2013. Under Section 41-4-15 (1977) of the New Mexico Tort Claims Act ("NMTCA"), a tort claim against a governmental entity is barred unless brought within two years after the cause of action accrues. Plaintiff's "Second Cause of Action" purports to state claims for the torts of "negligent failure to protect" and intentional infliction of emotional distress. *See* page 7 of Plaintiff's Complaint [Doc. 1]. Plaintiff's "Third Cause of Action" purports to state claims under the NMTCA. *See* page 9 of Plaintiff's Complaint [Doc. 1]. The statute of limitations for these claims expired on June 7, 2013, two years after the date the Plaintiff alleges she was injured. Thus, this Court does not have jurisdiction over Counts two and three of the complaint, and the Defendants are entitled to judgment on the pleadings in their favor on those claims.

**WHEREFORE**, the Defendants respectfully request that the Court enter judgment on the pleadings in favor of the Defendants on Counts two and three of Plaintiff's Complaint, award them their costs and attorneys' fees in the defense of this matter, and for such other and further relief that the Court deems is appropriate.

Respectfully submitted by:
**/s/ Mark A. Basham**
Mark A. Basham
Basham & Basham, P.C.
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
Fax: 505-992-6170
mbasham@bbpcnm.com
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 23rd day of January, 2014, I filed the foregoing pleading electronically through the CM/ECF System, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Daniel R. Marlowe
P.O. Box 8207
Santa Fe, NM  87504-8207
Attorney for Plaintiff
lawdanmarl@aol.com

               */s/ Mark A. Basham*
               Mark A. Basham