IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHANNON BAUM,

    Plaintiff,

v.                                  No. 13-CV-01060 RB/GBW

OFFICER MICHELLE ORTEGA, OFFICER MARTIN VIGIL,
OFFICER GREG ESPARZA, and JOHN DOES 1 THROUGH 10
in his/her official capacity as employees/law enforcement officer of
Espanola City Police Department, ESPANOLA POLICE
DEPARTMENT, a Department of the City of Espanola,
State of New Mexico; and THE CITY OF ESPANOLA, State of
New Mexico, County of Rio Arriba, State of New Mexico,

    Defendants.

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

COME NOW the Defendants Officer Michelle Ortega, Officer Martin Vigil, Officer Greg Esparza, Espanola Police Department and the City of Espanola (City of Espanola Defendants), by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 56, and hereby move this Court for partial summary judgment in their favor on the complaint. As a basis for this motion, the City of Espanola Defendants state the Plaintiff has failed to state a proper cause of action under 42 U.S.C. §1983.

Defendants contacted Plaintiffs counsel to determine whether he would concur with City of Espanola Defendants Motion for Partial Summary Judgment. Plaintiff's counsel opposes this Motion.

On October 10, 2013, Plaintiff Shannon Baum filed a Civil Complaint for Damages for Deprivation of Civil and Constitutional Rights, Common Law Torts, and Statutory Rights. [DOC 1] A Judgment on the Pleadings in Favor of Defendants on Plaintiff's Second and Third

Cause of Action was entered on February 7, 2014. [DOC 10] Plaintiff's sole cause of action in this suit is a Claim Against All Defendants for Deprivation of Civil Rights Under 42 U.S.C. § 1983. [DOC 1, ¶¶ 34-43]

Plaintiff's' Complaint alleges Fourteenth and Eighth Amendment violations in connection with Shannon Baum's arrest and subsequent detention by the City of Espanola Defendants on July 7, 2011. In pertinent part, Plaintiff's Complaint alleges:

(1) Defendant Officer Michelle Ortega "aggressively placed her body on top of the Plaintiff" while inside Plaintiff's car;

(2) "Plaintiff attempted to push the officer off her and both parties fell to the ground"; and,

(3) Plaintiff was then maced several times in the face, and she was "forcibly slammed against the asphalt driveway of the car wash".

[DOC 1, ¶20] In addition, Plaintiff avers that "a gag bag" was placed "tightly around Plaintiff's head". [DOC 1, ¶ 23] Finally, Plaintiff asserts that one of the officers forcibly struck Plaintiff's side with his elbow. [DOC 1, ¶ 24]

Following her arrest, Shannon Baum was charged with Aggravated Battery Upon a Peace Officer in the Third Degree (Great Bodily Harm); Attempt to Commit a Felony, Resisting, Evading or Obstructing an Officer (Fleeing, Evading or Attempting to Evade); Resisting, Evading or Obstructing an Officer (Resisting or Abusing); and, Driving Under the Influence of Intoxicating Liquor or Drugs (2nd Offense – Aggravated, Refusal).

She later pled guilty to Battery Upon a Peace Officer, a Fourth Degree Felony Offense, and Driving Under the Influence of Intoxicating Liquor and/or Drugs (1st Offense).

While the Plaintiff has alleged civil rights violations stemming from her detention, the bulk of her complaint allegations comprise of the July 7, 2011 altercation with police and resulting arrest. The Criminal Complaint filed against Shannon Baum consisted of criminal

offenses associated with the same July 7, 2011 altercation.  Having already pled guilty to Battery Upon a Peace Officer, a Fourth Degree Felony Offense, Plaintiff cannot avoid the preclusive effect this conviction has on her § 1983 claim.  As fully set forth below, the City of Espanola Defendants are entitled to partial summary judgment because Plaintiff's § 1983 claim is barred under the United States Supreme Court's case holding of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. 383 (1994).

### I. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Shannon Baum was arrested on June 7, 2011.  See Affidavit of Sergeant Greg Esparza, ¶4, attached hereto as Exhibit A.

2. Officer Greg Esparza prepared a Statement of Probable Cause on June 7, 2011 and filed this Statement on June 9, 2011.  See Exhibit A, ¶5.

3. Officer Greg Esparza filed a Criminal Complaint against Shannon Baum on June 9, 2011.  See Exhibit A, ¶6.

4. In this Complaint, Shannon Baum was charged with Aggravated Battery Upon a Peace Officer in the Third Degree (Great Bodily Harm); Attempt to Commit a Felony, Resisting, Evading or Obstructing an Officer (Fleeing, Evading or Attempting to Evade); Resisting, Evading or Obstructing an Officer (Resisting or Abusing); and, Driving Under the Influence of Intoxicating Liquor or Drugs (2nd Offense – Aggravated, Refusal).  See Exhibit A, ¶7.

5. In addition, the Criminal Complaint stated:

> The undersigned, under penalty of perjury complains and says that on or about the 7th day of JUNE, 2011, in the County of Santa Fe, State of New Mexico, the above named defendant(s) did (here state the essential facts):
>
> did unlawfully touch or apply force to the person of [Michelle Ortega], a peace officer in the lawful discharge of her duties, with intent to injure [Michelle Ortega], or another, and thereby inflicted great bodily harm to [Michelle Ortega].

3

> did attemtpt [sic] to knowingly remove a firearm or weapon form [sic] the person of a [Michelle Ortega], a peace officer who was acting within the scope of his duties.
>
> did intentionally flee, evade or attempt to evade [Michelle Ortega,], an officer of this state, knowing that the officer was attempting to apprehend or arrest her.
>
> did resist or abuse [Michelle Ortega], a [peace officer], in the lawful discharge of her duties,

See Exhibit A, ¶8.

6. Shannon Baum subsequently pled guilty to the following criminal offenses: Battery Upon a Peace Officer, a Fourth Degree Felony Offense; and, Driving Under the Influence of Intoxicating Liquor and/or Drugs (1st Offense). See Exhibit A, ¶9.

7. Shannon Baum's guilty plea to the charged offense of Battery Upon a Peace Officer was based on Officer Greg Esparza's Criminal Complaint allegations, which referenced an altercation between Shannon Baum and Officer Michelle Ortega on June 7, 2011. See Exhibit A, ¶10.

8. Shannon Baum has never appealed her conviction for Battery Upon a Peace Officer, a Fourth Degree Felony Offense nor has this conviction been expunged.

## I. ARGUMENT

### A. Standard of Review

Summary judgment must be granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Koch v. City of Del City,* 660 F.3d 1228, 1238 (10th Cir. 2011). "Judgment as a matter of law is appropriate when the nonmoving party has failed to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden of proof." *Id.*

### B. Plaintiffs have failed to state a claim under 42 U.S.C. §1983

The United States Supreme Court has held that a § 1983 claim for damages cannot lie if based on the implied invalidity of an underlying state court conviction.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. 383 (1994). To illustrate this point, the U.S. Supreme Court offered the following example:

> A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a *lawful* arrest. … He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of state law concerning res judicata, …, the § 1983 action will not lie.

*Id.* at 487 n.6 (emphasis in original)(internal quotations and citations omitted).

In following the *Heck v. Humphrey* rationale, our 10th Circuit took the opportunity to further elaborate on the Supreme Court's example stated in footnote 6:

> "[T]he Supreme Court intended to demonstrate that a civil suit for an unreasonable seizure predicated on a false arrest would be barred so long as a conviction for resisting the same arrest remained unimpaired. … This is so because under the Supreme Court's hypothetical, the lawfulness of the arrest is a necessary element of the criminal offense of resisting arrest. Thus, to prevail in a § 1983 action for false arrest, plaintiff would have to negate the lawfulness element of the resisting arrest offense.

*Martinez v. City of Albuquerque,* 184 F.3d 1123, 1125 (10th Cir. 1999)(internal citations omitted).

Plaintiff's guilty plea bars her civil rights claim. It is undisputed that Shannon Baum pled guilty to Battery Upon a Peace Officer, a Fourth Degree Felony Offense. (Defendants' Material

Fact No. 6) In pertinent part, NMSA 1978 § 30-22-24(A) Battery Upon a Peace Officer states: "Battery upon a peace officer is the unlawful, intentional touching or application of force to the person of a peace officer *while he is in the lawful discharge of his duties*, when done in a rude, insolent or any manner." (emphasis ours) It is also undisputed that Shannon Baum never appealed this conviction nor had this conviction expunged.

The crux of Plaintiff's Complaint seeks damages for excessive force, unreasonable search and seizure and cruel and unusual punishment. [DOC 1, ¶¶ 37, 40] These claims are based, in large part, on the individual Defendants' unreasonable use of force and an unreasonable seizure at the time of Plaintiff's arrest on June 7, 2011. (The instant motion is not directed toward Plaintiff's complaint allegations regarding her incarceration.) It is undisputed that the June 7, 2011 altercation with police formed the same basis of the original Statement for Probable Cause and Criminal Complaint. (Defendants' Material Fact No. 10).

Under *Heck v. Humphrey,* Plaintiff's § 1983 claim cannot lie because a determination in Ms. Baum's favor would necessarily imply the invalidity of her guilty conviction for Battery Upon a Peace Officer, a Fourth Degree Felony Offense. By pleading guilty to this offense, Shannon Baum did not contest the finding that the officers were "in the lawful discharge" of their "duties" at the time of the complained-of battery. If the individual Defendants were in the lawful discharge of their duties, then they acted reasonably in the amount of force used on Shannon Baum at the time of her arrest. *See, State of New Mexico v. Phillips,* 2009-NMCA-021, 145 N.M. 615, 203 P.3d 146 (A criminal defendant is not justified in using force against an officer when that officer is acting lawfully.) For the same reasons, the individual Defendants acted reasonably in seizing Ms. Baum's person when in the lawful discharge of their duties. To contend otherwise, Baum would have to negate the "while he [peace officer] is in the lawful

6

discharge of his duties" element of the Battery Upon a Peace Officer.  She cannot by virtue of her guilty plea to this offense.

Without any favorable termination of the criminal proceedings, the City of Espanola Defendants are entitled to partial summary judgment in their favor on Plaintiff's 42 U.S.C. §1983 claim for all complained-of acts surrounding her arrest on June 7, 2011.

**WHEREFORE**, the City of Espanola Defendants respectfully request that the Court grant partial summary judgment in their favor on the complaint, and for such other and further relief that the Court deems is appropriate.

Respectfully submitted by:

*/s/ Mark A. Basham*
Mark A. Basham
Basham & Basham, P.C.
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
Fax: 505-992-6170
mbasham@bbpcnm.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2014, I filed the foregoing pleading electronically through the CM/ECF System, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Daniel R. Marlowe
P.O. Box 8207
Santa Fe, NM  87504-8207
*Attorney for Plaintiff*
dan@danmarlowelaw.com

*/s/ Mark A. Basham*
Mark A. Basham