IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHANNON BAUM,
    Plaintiff,

v.                                No. 13-CV-01060 RHS/ACT

OFFICER MICHELLE ORTEGA, OFFICER MARTIN VIGIL,
OFFICER GREG ESPARZA, and JOHN DOES 1 THROUGH 10
in his/her official capacity as employees/law enforcement officer of
Espanola City Police Department, ESPANOLA POLICE
DEPARTMENT, a Department of the City of Espanola,
State of New Mexico; and THE CITY OF ESPANOLA, State of
New Mexico, County of Rio Arriba, State of New Mexico,
    Defendants.

## AFFIDAVIT OF SERGEANT GREG ESPARZA

State of New Mexico )
                      ) ss.
County of Rio Arriba )

    I, Sergeant Greg Esparza, being first duly sworn upon oath states the following:

    1. I am a Sergeant serving in the City of Espanola Police Department in Espanola, New Mexico. I am authorized to make this Affidavit, and I have personal knowledge regarding the statements contained in this Affidavit.

    2. I have been currently serving as a Sergeant for the City of Espanola Police Department. Back in June 2011, I was a Police Officer in the City of Espanola Police Department.

    3. As part of my job duties, I make arrests of individuals and prosecute criminal complaints that I have filed.

    4. Shannon Baum was arrested on June 7, 2011.

    5. In connection with this arrest, I prepared a Statement of Probable Cause on June 7, 2011 and filed this Statement on June 9, 2011, a true and correct copy is attached hereto as Exhibit A1.

    6. In connection with this arrest, I filed a Criminal Complaint against Shannon Baum on June 9, 2011, a true and correct copy is attached hereto as Exhibit A2.



EXHIBIT A

7. In this Complaint, Shannon Baum was charged with Aggravated Battery Upon a Peace Officer in the Third Degree (Great Bodily Harm); Attempt to Commit a Felony, Resisting, Evading or Obstructing an Officer (Fleeing, Evading or Attempting to Evade); Resisting, Evading or Obstructing an Officer (Resisting or Abusing); and, Driving Under the Influence of Intoxicating Liquor or Drugs (2nd Offense – Aggravated, Refusal).

8. In addition, my Criminal Complaint stated:

> The undersigned, under penalty of perjury complains and says that on or about the 7th day of JUNE, 2011, in the County of Santa Fe, State of New Mexico, the above named defendant(s) did: (here state the essential facts):
>
> did unlawfully touch or apply force to the person of [Michelle Ortega], a peace officer in the lawful discharge of her duties, with intent to injure [Michelle Ortega], or another, and thereby inflicted great bodily harm to [Michelle Ortega].
>
> did attemtpt [sic] to knowingly remove a firearm or weapon form [sic] the person of a [Michelle Ortega], a peace officer who was acting within the scope of his duties.
>
> did intentionally flee, evade or attempt to evade [Michelle Ortega,], an officer of this state, knowing that the officer was attempting to apprehend or arrest her.
>
> did resist or abuse [Michelle Ortega], a [peace officer], in the lawful discharge of her duties, ...

9. Upon information and belief, Shannon Baum subsequently pled guilty to the following criminal offenses: Battery Upon a Peace Officer, a Fourth Degree Felony Offense; and, Driving Under the Influence of Intoxicating Liquor and/or Drugs (1st Offense), a true and correct copy is attached hereto as Exhibit A3.

10. Shannon Baum's guilty plea to the charged offense of Battery Upon a Peace Officer was based on Officer Greg Esparza's Statement of Probable Cause and Criminal Complaint allegations, which referenced an altercation between Shannon Baum and Officer Michelle Ortega on June 7, 2011.

FURTHER AFFIANT SAYETH NAUGHT

_____
Sergeant Greg Esparza

SUBSCRIBED AND SWORN to before me this 5th day of June, 2014, by Sergeant Greg Esparza.

My Commission Expires: 5/10/2017

_____
Notary Public



MAGISTRATE COURT RULE 6-203

STATE OF NEW MEXICO

IN THE MAGISTRATE COURT
SANTA FE COUNTY
STATE OF NEW MEXICO

V

Name: BAUM, SHANNON
Address: COUNTY ROAD 41 HSE 125
City; Sate; Zip: ALCALDE, NM. 87511
DOB: 11/22/76
SSN: 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

### STATEMENT OF PROBABLE CAUSE

The above defendant has been arrested without a warrant for the following reasons (set forth a plain, concise and definitive statement of facts establishing probable cause):

On Tuesday June 7, 2011 at approximately 1819 hours I was dispatched to the La Joya car wash to assist Officer Michelle Ortega with a traffic stop. Dispatch advised Officer Ortega was administering field sobriety tests.

While in route dispatch was unable to make contact with Officer Ortega as they attempted to conduct a welfare check on the police radio. After hearing several unanswered attempts by dispatch I advised that I would be upgrading to a Code 3 response (emergency lights and siren). Officer Martin Vigil advised dispatch on the police radio that he would also be in route. After several minutes Officer Ortega answered the welfare checked and advised she was ok but sounded to be winded and out of breath.

I arrived on scene shortly after immediately behind Officer Martin Vigil. Upon arrival I observed a female seated on the ground on the south east side of the car wash vacuum area. Near by I observed Officer Michelle Ortega standing and gasping for air. Officer Ortega appeared to have been involved in a scuffle as I observed her face to be very red, her hair was pulled out from the manner in which she usually keeps it, and her uniform was soiled and in disarray. The female on the ground was rolling about and was yelling that her eyes and face were burning. It appeared that the female had been maced.

I proceeded to Officer Ortega to check on her welfare. Officer Vigil proceeded to the female to restrain her as she only had one hand cuff on one of her wrists. As Officer Vigil attempted to place the other hand cuff on the female's wrist she began to pull her arm away and attempted to roll. I then proceeded over to the female and assisted Officer Vigil in hand cuffing the female.

After the female was restrained she identified herself as Dina Baum. The female then stated her name was Dianna Baum. The female was later positively identified as Shannon Baum. As I spoke to Shannon Baum at the scene I smelled a strong odor of alcoholic beverages emitting from her breath. I also observed her to speak with a very slurred speech.

As I retrieved Shannon Baum's purse and cell phone from the ground I located two empty half pint bottles of Vodka inside the purse. Inside the purse I also located an empty prescription bottle of Oxycodone with Shannon Baum's name listed as the patient on the label.

Paramedics arrived on scene shortly after and attended to Officer Ortega's injuries. Officer Ortega complained of severe pain in her knees, legs, upper back, shoulders, and neck. Officer Ortega was transported to the Espanola Hospital by paramedics for further examination.



EXHIBIT
A 1

The female was yelling and cursing and would not stay seated as instructed so I placed her in the back seat of my patrol unit. The female continued acting violently so I transported her to the Espanola Detention Center to continue the investigation and decontaminate her from the mace.

Upon arrival at the detention center Shannon Baum was decontaminated by flushing her face with water. Shannon Baum was then examined by paramedics at the jail and advised to continue the decontamination process.

After the decontamination was completed I advised Shannon Baum that she was under arrest for DWI. I read Shannon Baum the New Mexico Implied Consent Advisory. Shannon Baum stated yes when asked if she agreed to be tested but then immediately stated no that she was not the driver of the vehicle. I continued reading Shannon Baum the New Mexico Implied Consent Advisory indicating the consequences for a refusal. I again asked Shannon Baum if she agreed to be tested and she stated no.

I then proceeded to the Espanola Hospital to obtain a statement from Officer Ortega. Officer Ortega stated that she had arrived at the car wash to vacuum her patrol unit when she was approached by an employee. The employee requested for her to check on a patron that was washing her car stating that she appeared to be intoxicated. Officer Ortega then proceeded to the carwash bay and observed the female exiting the bay in her vehicle. She then observed the vehicle stop near the vacuums so she walked over to the vehicle and made contact with the driver.

Officer Ortega stated that as she spoke to the female she observed her to have blood shot watery eyes, slurred speech, and she smelled a strong odor of alcohol.

She requested the female to exit the vehicle to conduct field sobriety tests. The female exited the vehicle bet remained near the driver door. The female was first administered the Eye Gaze Nystagmus Test. She stated the female had could not track the stimulus whiel the test was administered. The female also had difficulty maintaining her balance while performing the test.

Officer Ortega then advised the female that for the next test she could remove her shoes if she wanted too. The female was wearing high heal open toe shoes. The female leaned against the driver door of the vehicle and began to take off her shoe. The female then stated "Fuck This" and put her shoe back on and jumped into the driver seat of the vehicle and attempted to start the vehicle. After a brief scuffle inside the vehicle Officer Ortega stated she prevented the female from starting the vehicle and removed the key from the ignition. As Officer Ortega was struggling with the female in the vehicle she stated she contacted dispatch on her hand held radio requesting immediate assistance.

Officer Ortega stated she then pulled the female out of the vehicle and they both fell to the ground. Officer Ortega stated she fell on her back and the female fell on top of her. The female then began to punch her with closed fist and pulled her hair. Officer Ortega and the female fought on the ground for several minutes. At one point during the fight the female positioned herself behind Officer Ortega and pulled on her hand gun which was secured in its holster stating several times "I'm Going to Kill You With Your Own Gun You Fucking Bitch"! Officer Ortega stated she was able to maintain weapon retention and prevented the female from removing the hand gun from the holster. The fight continued until Officer Ortega was able to subdue the female by deploying mace to her eyes. Officer Ortega stated Officer Vigil and I then arrived on scene.

Shannon Baum was booked into the Espanola Detention Center and charged accordingly.

JUNE 7, 2011            GREG ESPARZA EPD #2
DATE            ARRESTING OFFICER

(This form is to be used if the defendant was arrested without a warrant and the complaint or citation and any attachments to the complaint do not make a written showing or probable cause).





Magistrate Criminal Rule 6-201

STATE OF NEW MEXICO

IN THE MAGISTRATE COURT

SANTA FE COUNTY

STATE OF NEW MEXICO
v.

No. M-0049-FR-2011-00581 GAI

Date Filed: # 9434

NAME: BAUM, SHANNON
ADDRESS: COUNTY ROAD 41 HSE 125
CITY, STATE, ZIP: ALCALDE, NM, 87511
D.O.B. 11/22/76
S.S.N. 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

## CRIMINAL COMPLAINT

CRIME: Aggravated battery upon a peace officer in the third degree (great bodily harm)
  Attempt to commit a felony
  Resisting, evading or obstructing an officer (fleeing, evading or attempting to evade)
  Resisting, evading or obstructing an officer (resisting or abusing)
  Driving under the influence of intoxicating liquor or drugs (2nd offense - aggravated, refusal)

(common name of offense or offenses)

The undersigned, under penalty of perjury complains and says that on or about the 7th day of JUNE, 2011, in the County of Santa Fe, State of New Mexico, the above named defendant(s) did (here state the essential facts):

did unlawfully touch or apply force to the person of [Michelle Ortega], a peace officer in the lawful discharge of her duties, with intent to injure [Michelle Ortega], or another, and thereby inflicted great bodily harm to [Michelle Ortega].

did attemtpt to knowingly remove a firearm or weapon form the person of a [Michelle Ortega], a peace officer who was acting within the scope of his duties.

did intentionally flee, evade or attempt to evade [Michelle Ortega,], an officer of this state, knowing that the officer was attempting to apprehend or arrest her.

did resist or abuse [Michelle Ortega], a [peace officer], in the lawful discharge of her duties.

did drive a vehicle or motor vehicle while under the influence of intoxicating liquor or drugs and refused to submit to chemical testing as provided for in the Implied Consent Act [NMSA 1978, §§ 66-8-105 to 66-8-112], and this constitutes a second offense.

contrary to Section(s) 30-22-25(A) & (C), 30-28-01(A),30-22-27(A)(1), 30-22-01(B), 30-22-01(D), 66-8-102(D)(3), NMSA1978
I SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF. I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.

If Probable Cause Determination Required
Probable Cause Found ✓ : Not Found ___
(If not found, complaint dismissed & defendant released)
Date: 6-10-11
Judge:

GREG ESPARZA
Complainant

PATROLMAN EPD #20
Title, (if any)



EXHIBIT
A 2

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

2011 AUG 19 PH 4: 56

STATE OF NEW MEXICO,

    Plaintiff,

vs.                                          NO. D-0101-CR-2011-00427

SHANNON BAUM,
DOB: 11/22/1976
SSN: 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

    Defendant.

### ORDER OF CONDITIONAL DISCHARGE AND JUDGMENT AND ORDER SUSPENDING SENTENCE

This cause having come before the Honorable Michael E. Vigil, District Judge, on the 19th day of August, 2011 for sentencing, the State appearing by Shanon S. Riley, Assistant District Attorney, the Defendant appearing personally and by her attorney, Dan Marlow; and,

The Court having advised the defendant of his statutory and constitutional rights; and on August 19, 2011, the Defendant having voluntarily, intelligently, and knowingly entered her plea of guilty to the following offenses:

1. **DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR AND/OR DRUGS (1ST OFFENSE) (4196)**, a misdemeanor offense, occurring in Santa Fe County, New Mexico on or about the 7th day of June, 2011, contrary to NMSA 1978, Section 66-8-102, as charged in Count 1 of the Information in cause number D-0101-CR-2011-00427; and

2. **BATTERY ON A PEACE OFFICER (0225)**, a fourth degree felony offense, occurring in Santa Fe County, New Mexico on or about the 7th day of June, 2011, contrary to NMSA 1978, Section 30-22-25 as charged in Count II of the Information in cause number D-0101-CR-2011-00427.

XC BOND MVD

EXHIBIT A 3

After hearing the arguments of counsel, and being otherwise fully advised and satisfied in the premises:

**AS TO COUNT 2 ABOVE, IT IS ORDERED** the proceedings in this matter are hereby suspended without adjudication of guilt by the Court, the Defendant is hereby granted a Conditional Discharge and is hereby placed on supervised probation for __18__ months on the conditions that:

1. Defendant obey all federal, state and city laws or ordinances;

2. Defendant not possess or consume alcoholic beverages or illegal drugs and not enter liquor establishments;

3. Defendant not possess illegal substances or firearms;

4. Defendant not leave the State of New Mexico except by permission by the court;

5. Defendant obey all rules of the probation authorities;

6. Defendant be assessed for amenability to treatment and successfully complete any and all treatment ordered by the probation authorities; and

7. Defendant to report to APPO no later than __3:00 p.m 8/22/11__;

8. __Early discharge after 1 year if no violations__

Upon successful completion of probation imposed, this matter shall be dismissed. The terms and conditions of probation are made the terms and conditions of the conditional discharge.

After hearing the arguments of counsel, and being otherwise fully advised and satisfied in the premises:

**AS TO COUNT 1 ABOVE, IT IS FURTHER ORDERED** the Defendant is hereby sentenced to ninety (90) days incarceration which shall be suspended on the following conditions:

The Defendant shall:

1. Complete one (1) year of supervised probation;

2. Complete the DWI First Offenders School;

3. Complete 24 hours of community service;

4. Attend the Victim Impact Panel;

5. Pay the $85.00 Lab Fee;

6. Pay the $75.00 Comprehensive Community Program Fee;

7. Pay costs of probation and any other statutorily mandated DWI fees and costs pursuant to Sections 31-20-6 N.M.S.A. 2004 and 31-12-7 N.M.S.A. 1978;

8. Submit to alcohol and drug screening and successfully complete any all treatment recommended by the probation authorities;

9. Obey all federal, state and city laws or ordinances;

10. Obey all rules, regulations and orders of the probation authorities;

11. Not ingest any alcohol, cough medicine with alcohol or other medications with alcohol or un-prescribed drugs;

12. Not enter liquor establishments;

13. Not possess illegal substances or firearms;

14. Not leave the State of New Mexico except by permission by the court; and

15. Defendant is ordered to go to the Santa Fe County DWI Program at 2052 South Galisteo, Santa Fe, NM which shall track compliance DWI offender requirements and for referral to Care Connections for screening and recommended treatment.

The terms and conditions of probation are made terms and conditions of the suspended sentence.

IT IS FINALLY ORDERED that bond shall be, and hereby is, discharged as to the defendant and any sureties thereon and all warrants remaining outstanding are hereby quashed (this is not intended to nor does it pertain to warrants previously served, whether a return on the warrant has or has been filed this matter).

HONORABLE MICHAEL E. VIGIL
DISTRICT JUDGE

SUBMITTED BY:

SHANNON BAUM
Assistant District Attorney

NOTED BY:

DAN MARLOW
Attorney for Defendant

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO



STATE OF NEW MEXICO,

    Plaintiff,

vs.                      NO. D-0101-CR-2011-00427

SHANNON BAUM,
DOB: 11/22/1976
SSN: 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

    Defendant.

```
D-101-CR-2011-00427
8748
PLEA & DISPOSITION AGREEMENT
2112
```

## PLEA AND DISPOSITION AGREEMENT

    The State of New Mexico and the Defendant agree to the following disposition of the above referenced cause:

### PLEA

    CHARGES: The Defendant agrees to plead GUILTY to the following crime:

    1. **DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR AND/OR DRUGS (1ST OFFENSE) (4196)**, a misdemeanor offense, occurring in Santa Fe County, New Mexico on or about the 7th day of June, 2011, contrary to NMSA 1978, Section 66-8-102, as charged in Count 1 of the Information in cause number D-0101-CR-2011-00427; and

    2. **BATTERY ON A PEACE OFFICER (0225)**, a fourth degree felony offense, occurring in Santa Fe County, New Mexico on or about the 7th day of June, 2011, contrary to NMSA 1978, Section 30-22-25 as charged in Count II of the Information in cause number D-0101-CR-2011-00427.

### TERMS

This agreement is made according to the following conditions:

SENTENCING AGREEMENT: There are no agreements as to sentence.

CHARGES TO BE DISMISSED: M-49-DR-2011-00182 will be dismissed.

PENALTIES: The maximum penalties for this crime are:

1. **DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR AND/OR DRUGS**, a misdemeanor offense, with a basic sentence of ninety (90) days imprisonment



and not more than a $500 fine; and

2. **BATTERY ON A PEACE OFFICER**, a fourth degree felony offense, with a basic sentence of eighteen (18) months imprisonment and not more than a $5,000 fine.

POTENTIAL INCARCERATION: If the court accepts this agreement, the Defendant may be ordered to serve a period of incarceration. The Defendant may also be ordered to serve a period of probation. If the probation is later violated, the defendant may be incarcerated for the balance of the sentence.

CAP: Any Acap@ or other limitation on incarceration shall be a limitation on imprisonment only at initial sentencing. **If Defendant violates any condition of release prior to sentencing on this matter, or, subsequent to sentencing, violates any condition of probation, the Court may sentence Defendant to imprisonment without considering the limitation.**

## STIPULATIONS

TIME LIMITS:  By entering this agreement with the State, the Defendant waives Defendant=s rights under the rules governing time of commencement of trial until the agreement is either accepted or rejected by the court.

WAIVER OF DEFENSES AND APPEAL:  Unless this plea is rejected or withdrawn, the Defendant gives up all motions, defenses, objections, or requests which Defendant has made or could make concerning the Court's entry of judgment against the Defendant if that judgment is consistent with this agreement. The Defendant specifically waives Defendant=s right to appeal as long as the court's sentence is imposed according to the terms of this agreement.

REJECTION OF PLEA:  If the Court finds the provisions of this agreement unacceptable, after reviewing it and any pre-sentence report, the Court will allow the withdrawal of the plea, and this agreement will be void. If the plea is withdrawn, neither the plea nor any statements arising out of the plea proceeding shall be admissible against the Defendant in any criminal proceedings.

I have read and I understand this agreement. I understand that being convicted may affect my immigration or naturalization status. I have discussed the case and my constitutional rights with my lawyer. I understand that when I plead guilty I give up the following rights: my right to a trial by jury, my right to confront, cross-examine, and compel the attendance of witnesses, and my privilege against self-incrimination.

I agree to enter my plea, and I understand that if the court grants me probation, a suspended sentence, a deferred sentence or a conditional discharge, the terms and conditions of the sentence are

STATE VS. SHANNON BAUM
NO. D-0101-CR-2011-00427
PLEA AND DISPOSITION AGREEMENT, Page 3

subject to modification if I violate any of the terms or conditions imposed.

__2-19-11__  
DATE

__[signature]__  
SHANNON BAUM
DEFENDANT

I have discussed this case with my client in detail and have advised the Defendant of Defendant=s constitutional rights and all possible defenses. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I agree with the plea outlined in this agreement and its terms and conditions.

__2/19/11__  
DATE

__[signature]__  
DAN MARLOW
DEFENSE COUNSEL

I have reviewed this matter and agree that the plea and disposition are appropriate and are in the interest of justice.

__2-19-11__  
DATE

__[signature]__  
SHANON S. RILEY
PROSECUTOR

## DISTRICT COURT APPROVAL

The defendant personally appearing before me and I have concluded as follows:

1. That the defendant understands the charges set forth in the indictment.

2. That the defendant understands the range of possible sentences for the offenses charged, from probation to ninety (90) days incarceration and a $500 fine for the crime of DRIVING WHILE

STATE VS. SHANNON BAUM
NO. D-0101-CR-2011-00427
PLEA AND DISPOSITION AGREEMENT, Page 4

UNDER THE INFLUENCE OF INTOXICATING LIQUOR AND/OR DRUGS, a misdemeanor and from probation to eighteen (18) months incarceration and a $5,000 fine for the crime of BATTERY ON A PEACE OFFICER, a fourth degree felony offense.

    3. That the defendant understands the following constitutional rights which the defendant gives up by pleading guilty:

    a. the right to a trial by jury, if any;

    b. the right to the assistance of an attorney at trial, and to an appointed attorney, to be furnished free of charge, if the defendant cannot afford one;

    c. the right to confront the witnesses against the defendant and to cross-examine them as to the truthfulness of their testimony;

    d. the right to present evidence on the defendant=s own behalf, and to have the state compel witnesses of the defendant=s choosing to appear and testify;

    e. the right to remain silent and to be presumed innocent until proven guilty beyond a reasonable doubt.

    4. That the defendant wishes to give up the constitutional rights of which the defendant has been advised.

    5. That there exists a basis in fact for believing the defendant is guilty of the offenses charged and that an independent record for such factual basis has been made.

    6. That the defendant and the prosecutor have entered into a plea agreement and that the defendant understands and consents to its terms.

STATE VS. SHANNON BAUM
NO. D-0101-CR-2011-00427
PLEA AND DISPOSITION AGREEMENT, Page 5

7. That the plea is voluntary and not the result of force, threats or promises other than a plea agreement.

8. That under the circumstances, it is reasonable that the defendant plead guilty.

9. That the defendant understands that a conviction may have an effect upon the defendant=s immigration or naturalization status and that, if the defendant is represented by counsel, the defendant has been advised by counsel of the immigration consequences of the plea.

On the basis of these findings, I conclude that the defendant knowingly, voluntarily and intelligently pleads guilty to the above charges and accepts such plea. These findings shall be made a part of the record in the above-styled cause.

APPROVED:

_____
HONORABLE MICHAEL E. VIGIL
DISTRICT COURT JUDGE