IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| SHANNON BAUM,<br><br>                            Plaintiff,<br><br>vs.<br><br>OFFICER MICHELLE ORTEGA, OFFICER MARTIN VIGIL, OFFICER GREG ESPARZA, and JOHN DOES 1 THROUGH 10 in his /her official capacity as employees/ law enforcement officer of Espanola City Police Department, ESPANOLA POLICE DEPARTMENT, a Department of the City of Espanola, State of New Mexico; and the CITY OF ESPANOLA, State of New Mexico; County of Rio Arriba, State of New Mexico,<br><br>                            Defendants. | Case No. 13-CV-01060 RB/GBW<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT** |

COMES NOW, Shannon Baum, by and through her undersigned counsel, and hereby moves this Court to deny Defendants' motion for partial summary judgment and find that Plaintiff has stated a proper cause of action for Deprivation of Civil Rights Under 42 U. S. C. § 1983.

1

Defendants wrongfully conclude that Defendants are entitled to a partial summary judgment because Plaintiff's §1983 claim is barred under the United States Supreme Court's holding of *Heck v. Humphrey*, 512 U.S. 477, 114 S .Ct 2364, 129 L. Ed. 383 (1994). The present claim is not covered by a *Heck* holding. The plaintiff in *Heck* sought to challenge unconstitutional conduct by county prosecutors, acting under color of state law, engaged in unlawful, unreasonable, and arbitrary investigation that led to his arrest. The *Heck* plaintiff was a convicted criminal who filed a §1983 claim while an appeal for his conviction was pending. The *Heck* doctrine established a rule that has become paramount in prisoner litigation: that is, a prisoner seeking damages for unconstitutional conviction or imprisonment must have that conviction or sentence reversed on direct appeal or otherwise be declared invalid (expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus) before a § 1983 claim can proceed. 28 U.S.C. §2254.

In the instant claim, plaintiff Shannon Baum is not in custody and is not seeking damages for an illegal conviction or sentence. Plaintiff is seeking damages for Defendant' use of excessive and unreasonable force

prior to and during plaintiff's arrest and detention contrary to the Fourteenth and Eighth Amendment to the United States Constitution. Plaintiff is seeking damages for police misconduct: three police officers beat, threatened and otherwise assaulted and battered plaintiff, a 37 year old special education teacher approximately 5 foot tall. Plaintiff is seeking damages for the excessive macing and use of unreasonable force by the defendant police officers which caused physical, emotional and psychological damage to plaintiff. Plaintiff reasonably believed she was suffocating due to a serious blockage of her airways caused by the unmerciful macing by defendant police officers to plaintiff's face and subsequent placing of a gag bag tightly around plaintiff's head. Plaintiff was subjected to an unreasonable search and seizure in violation of the Fourth Amendment and to cruel and unusual punishment in derogation of the Eighth Amendment to the United States Constitution.

Defendants' argument is premised on the fact that Plaintiff entered a guilty plea to the charge of Battery Upon a Peace Officer and had neither appealed her conviction nor had the conviction expunged. Defendant misapplies the *Heck* doctrine to the instant claim. In the present case, a conditional discharge order by a state tribunal was entered without entering an adjudication of guilt. The state tribunal declared that the conditional discharge is not a conviction or an adjudication of guilt pursuant to NMSA 1978 §31-20-

13. Plaintiff's conviction or sentencing can not be reversed or appealed as Plaintiff waived her appeal by entering her plea .Nor is this case appropriate for expungement. *Toth v. Albuquerque Police Department, City of Albuquerque* stating that absent extraordinary circumstances, expungement is not justified.1997-NMCA-079, 123 N. M. 637, 944 P.2d 285. Notably, the *Toth* court did not decide the underlying question of whether the judiciary has the inherent power to expunge or seal arrest records. *Id.* at 8. Courts which recognize an inherent power to expunge arrest records have tempered this power by requiring that it be exercised sparingly and only in extraordinary circumstances. *Id.* at 287 citing *United States v. Pinto*, 1 F.3d 1069 , 1070 (10th Cir.1993 ); *United State v. Linn, 513* F. 2d 925, 927 (10th Cir. 1975) (the power to expunge is a 'narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case ." Plaintiff Shannon Baum could not present sufficient extraordinary circumstances to justify exercise of the court's discretion to expunge; nor is it clear that the court had the inherent power to expunge the prior conviction.

The case at bar falls outside habeas corpus proceedings. Plaintiff is not contending that her confinement or conviction were unconstitutional; rather Plaintiff contends that the police employed brutal, unconstitutional tactics on her person. Defendants' argument

that Plaintiff's guilty plea bars her civil rights claim is entirely incorrect. Plaintiff is not seeking a judgment at odds with her underlying conviction. Plaintiff has raised no claim on which habeas corpus could have been granted on any recognizable theory. Hence, *Heck* 's favorable termination requirement is not dispositive. Under *Heck*, where a prisoner's damage claim would implicitly question the validity of the conviction or sentence, the litigant must first achieve favorable termination of his available state, or federal habeas opportunities to challenge the underlying conviction. *Id.* at 487.

Defendants wrongfully assume that a favorable outcome in Plaintiff's §1983 claim would necessarily imply the invalidity of her guilty plea to Battery upon a Peace Officer. A §1983 judgment in Plaintiff's favor would not demonstrate the invalidity of her conviction or confinement. Plaintiff is not a state prisoner. Success in plaintiff's § 1983 claim would not implicitly question the validity of her conviction or duration of her sentence under any recognized theory. Nor must plaintiff first achieve favorable termination of her available state remedies since plaintiff is not challenging the conviction or sentence.

Habeas requirement to first resort to state litigation and federal habeas corpus before bringing a §1983 claim is not, however, implicated by a prisoner's challenge that threatens *no consequence for his conviction or sentence.* (our emphasis ) *Muhammad v.*

*Close* 540 U.S. 749, 124 S. Ct.1303, 158 L.Ed.2d .32 (2004). Plaintiff Shannon Baum's claim for excessive force threatens no consequence to her underlying conviction. There is no need to preserve the habeas exhaustion rule and there is no preclusive impediment pursuant to *Heck* . The practical object of preserving limitations on the availability of habeas remedies is not implicated in the case at bar: the instant plea and order of conditional discharge is outside the habeas statute and, as such, plaintiff may seek damages for a constitutional violation even without showing "favorable termination" pursuant to *Heck* n. 4 .

Furthermore, it is not *necessary* that Plaintiff contest the finding that the officers were " in the lawful discharge " of their duties at the time of the complained-of battery since the *Heck* requirement does not apply and plaintiff's plea and conviction do not preclude her from bringing a §1983 claim . Again, a favorable judgment to Plaintiff's civil right s claim would *threaten* no consequence to the underlying conviction; therefore, plaintiff's civil rights claim is not barred under *Heck*. (*Muhammad v. Close* 540 U. S.749, 124 S. Ct.1303, 158 L.Ed.2d .32 (2004) .

Lastly, Defendants' recitation of the statement of undisputed material facts is misleading and inconsequential. It is undisputed that these documents were filed; however, the contents of these documents contain disputed material facts at issue. The

Statement of Probable Cause filed by Officer Greg Esparza June 7, 2011 provided a factual basis for the plea regarding Battery Upon A Peace Officer and the DWI only. It is not an admission by Plaintiff that the contents of the probable cause statement are a true and accurate statement of what occurred. That statement contains hearsay and is biased against the plaintiff and written by a law enforcement officer. (see Affidavit of Shannon Baum) The charges in the criminal complaint are a recital of the alleged crimes charged : Aggravated Battery Upon a Peace Officer (great bodily harm); Attempt to commit a Felony; Resisting, evading or obstructing an officer ( fleeing ,evading ,or attempting to evade); Resisting, evading or obstructing an officer ( resisting or abusing) and DWI . The plaintiff pled to the DWI and Battery Upon a Peace Officer (simple battery). Defendants' reliance on the procedural inaccurate recital of facts regarding the arrest, charges, and plea is an attempt to redefine Plaintiff's complaint by focusing on the arrest and plea rather than the unreasonable, excessive and unnecessary force used by Defendant police officers *after* Plaintiff was subdued and arrested. (our emphasis ) (see Affidavit of Shannon Baum) Defendants would have this Court believe that because the police were on duty and acting as officers in effecting a lawful arrest for the offense of DWI, that any subsequent actions taken by the police were reasonable, necessary and justified. Because plaintiff did not contest that the officers were acting in the lawful discharge of their duties

at the time of the complained of battery, plaintiff, the Defendants argue, implicitly concedes that the officers acted reasonably. Defendants' application of *Heck* to the present set of facts is inherently flawed. Plaintiff's 1983 claim does not seek damages from an illegal conviction or confinement, but for police misconduct post-arrest and in constitutional derogation of plaintiff's Fourth Amendment and Eight Amendment rights.

Plaintiff has filed a legitimate excessive force claim. The material facts at issue can not be fully determined until discovery is complete. The undersigned has sought copies of witness statements, squad car audio and videos, security cameras, lapel tapes, incident reports, equipment issue records medical records of Michelle Ortega and other relevant documents on or about May 2, 2014 Plaintiff's First Set of Request for Production to City Defendants. Whether or not the Espanola police officers used excessive force during the course of their arrest when there was no imminent threat of death or serious bodily injury to the officers is a material issue in dispute. Plaintiff was unarmed. Plaintiff was maced innumerable times after the arrest and beaten. Plaintiff almost lost consciousness after a gag bag was tightly placed around her head and plaintiff was threatened. Whether or not the Espanola police officers used unreasonable force without regard to plaintiff's safety or the level of threat encountered by the police is at issue. Whether or not Officer Michelle Ortega who "aggressively placed her body on top of

plaintiff while inside plaintiff's vehicle used a takedown procedure that unnecessarily increased the harm to plaintiff is at issue. (See affidavit of Shannon Baum)

Summary judgment is not an appropriate vehicle when genuine issues of material fact are in dispute. Where reasonable minds will not differ as to an issue of material fact, the court may properly grant summary judgment. All reasonable inferences are construed in favor of the non-moving party. *Montgomery v. Lomos Altos, Inc.* 207-NMSC-002, 141 N.M. 21, 150 P.3d 971 (2006).

**WHEREFORE**, Plaintiff Shannon Baum respectfully request that the Court deny defendants' motion for partial summary judgment and find that Plaintiff has stated a proper cause of action under 42 U.S.C. §1983 and for such other and further relief as to this Court deems mete and proper.

Respectfully submitted by:

_____
Daniel R. Marlowe
Attorney for Plaintiff

The Marlowe Law Firm
P.O. Box 8207
Santa Fe, NM 87504
(505) 988-1144

## CERTIFICATE OF SERVICE

I certify I elecrtronically served a true copy of the above Response to Defendant's Motion for Summary Judgment on this 16 day of June, 2014 on Mark Basham, Attorney for Defendant's by filing the foregoing pleading electronically through the CM/ECF System, which cause the below counsel of record to served by electronic means, as more fully reflected on the Notice of Electronic Filing:

/s/ Daniel R. Marlowe

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHANNON BAUM,

        Plaintiff,                1:13-cv-01060-GBW

V

MICHELLE ORTEGA, ET AL

## AFFIDAVIT OF SHANNON BAUM IN SUPPORT OF HER RESPONSE TO DEFENDANT'S MOTON FOR SUMMARY JUDGMENT

State of New Mexico )
                    ) ss
County of Santa Fe )

I, Shannon Baum, after having first been, sworn state under oath that the following affidavit is true and correct.

1. I am the plaintiff in this lawsuit. I am a resident of the County of Rio Arriba. I am 37 years of age and I work as a special education teacher in Espanola.

2. I state that the following facts occurred during and after the incident of June 7, 2014.

3. As I was outside of my car washing, a female officer approached me and asked me if I could move my car to the side by the vacuums.

4. I got in my car and moved it she then approached me and asked me to exit the vehicle.

5. She asked me why my eyes where so red I told her that I was crying because I was fighting with my boyfriend.

6. She then asked me to follow a pen with my eyes which I did more than 4 times. She then said "turn around your being arrested for DWI" I said "WHAT!!!! I m not driving and she forcefully grabbed my arm and put a handcuff on my right wrist, I jumped in my cars front seat and said "fuck this" she jumped on top of me and I tried to push her off.

7. During this struggle she called for back up with her radio.

8. I could not get her off of me and she grabbed on to me, we both then fell to the ground. I was trying to get away from her but she was on top of me.

9. We rolled around a couple times before I landed on top of her. The way were situated facing east on our knees I was able to hold her in a bear hug to keep her from arresting or hitting me.

10. During this scuffle I never once hit this officer I never punched her or hit her with my

fist in anyway as recited in the statement of probable cause.

11. I never kicked Michelle, I held her in a bear hug just so she couldn't hit me. As I was holding her in a bear hug with both of us facing east I could hear sirens coming. I then heard the sound of shoes running towards me and men were yelling at me I immediately threw my hands up with my knees on the ground and said "Okay, Okay"

12. I felt something wet hit me in the face and all over my skin, I then started burning intensely I fell to the pavement in pain and started rolling around yelling, then an officer grabbed my right arm that the cuff was on and put a knee into my back. He then pulled my arm back so hard I screamed in pain begging him to stop and then he slammed my mouth into the pavement where I hit my front right tooth. He then told me to "shut up". My arm felt like it had been torn or broken, I just knew I was in extreme pain.

13. After the officer cuffed both my arms, two officers dragged me across the parking lot as my knees scrapped against the pavement then they pulled me up by my arms yelling at me to get up. As I got up I was pushed against a car and was sprayed point blank again and again with mace in the face I could feel the liquid dripping off my face and hair and when I tried to say something to my defense one of the officers said " What did you say bitch , YOU WANT MORE" and sprayed me again this happened at least five more times. I felt my skin burning so bad, like I was on fire, and I was coughing so violently that I could not breathe when I would try to take a breathe I would just cough.

14. Then an officer placed me in the police car, I could not see who because I was blinded by the mace as he sat me in the car.

15. I rubbed my face against the seat and was crying and yelling in extreme pain.

16. He then got a bag and placed it over my head and tightened it around my throat. I thought I was going to die. He told me to shut up and struck me in the stomach with his elbow as he put the seatbelt on me.

17. At this point I was suffocating, I couldn't get air and I thought I was going to die. I begged for help over and over stating I could not breathe. He said "Shut up, You're going down, you'll never work at the Lab again"

18. The officer transported me to the jail and, when there, proceeded to take me out of the vehicle. When out he took the bag off my head, I could not see. We walk inside a building and I could hear other male officers in there. When inside he told me "take off your clothes" and I heard a shower turn on. Then he took off my handcuffs and as I started to undress I could feel the officer tugging at my clothes to get them off.

19. When naked I was led by the arm to the shower and shoved into the water I immediately stated screaming because my skin was burning so violently I immediately rubbed my eyes I could not see even with the rinsing of my eyes.

20. I could hear at least four male voices making lude comments and jokes on my naked

body and laughing because I was whaling in pain. I stated yelling and begging to see a doctor or a nurse but would just get laughed at and taunted told that's what I get when I mess with one of theirs.

21. I believed at this time that I was blind and that my right arm shoulder was broken because of the pain I was experiencing. After putting in the jumpsuit the jailer escorted me to a cell.

22. The officers abused me mentally, emotionally and physically.

23. When in the cell I cried the whole time because the pain was so intense I looked for cool spots on the concrete floor to lay on to get relief from the burning.

24. I was completely subdued when the back the back up police arrived on the scene. I told them alright and surrendered immediately.

25. They completed the handcuffing and drug me by my cuffed hands behind my back to their car.

26. The statement of probable cause is not accurate about what happened.

27. It was used only to provide a factual basis for the pleas to the DWI and Battery on a peace officer.

28. I never attempted to disarm Michelle Ortega.

Further Affiant sayeth not.

_____
Shannon Baum

Came before me on this 13th day of June 2014, Shannon Baum, a person known to me, and signed under the penalty of perjury the foregoing affidavit.

_____                    _5/21/16_
Notary Public                                      My commission expires

OFFICIAL SEAL
Daniel R. Marlowe
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 5-21-16