IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SHANNON BAUM,**

    **Plaintiff,**

    vs.                                                 Civ. No. 13-1060 RB/KK

**OFFICER MICHELLE ORTEGA,
OFFICE MARTIN VIGIL,
OFFICER GREG ESPARZA, and
JOHN DOES 1 THROUGH 10**
in his/her official capacity as employees/
law enforcement officers of Española
City Police Department, **ESPAÑOLA
POLICE DEPARTMENT,** a Department
of the City of Española, State of New Mexico;
and **THE CITY OF ESPAÑOLA,**
State of New Mexico, County of Rio Arriba,
State of New Mexico,

    **Defendants.**

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte*. On September 16, 2014, the Court issued an Order Regarding Rule 16 Settlement Conference in accordance with the provisions of Federal Rule of Civil Procedure 16(a)(5) setting a settlement conference in this matter for Thursday, October 2, 2014, at 9:00 a.m. (Doc. 35.) The parties were ordered to "provide the Court with a concise statement (typically no more than 10 pages) of the legal issues and the evidence the party expects to produce at trial **at least ten (10) calendar days before the conference**." (Doc. 35 at 2.) (Emphasis in original.) The parties were advised that "[c]ounsel will be required to attend a show cause hearing and may be assessed a sanction of up to $100 for each day the position paper is late unless a written request for an extension is received and approved by the Court." (Doc. 35 at 2, n. 2.) In light of the Court's Order, position papers were

due to chambers on Monday, September 22, 2014. Plaintiff's counsel has failed to provide the Court with a position statement and has not sought leave of the Court for an extension of time. The Court contacted Plaintiff's counsel on September 29, 2014, and Plaintiff's counsel indicated he was unaware of the Court's instructions. The Court advised Plaintiff's counsel to review the Court's Order and submit a position statement to chambers immediately. Plaintiff's counsel has failed to do so.

The Court has discretionary authority under Federal Rule of Civil Procedure 16(f) to sanction a party for failing to comply with a court order. Fed. R. Civ. P. 16(f)(1)(C). "[T]here can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that [lawyers and parties] fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996)(quoting In *Matter of Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc), *cert. denied.*, 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985). Further, the Court may assess sanctions under its inherent power where an attorney willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

**THEREFORE** Plaintiff's counsel is ordered to show cause in writing by **4:00 p.m. today, September 30, 2014**, why Plaintiff's counsel should not be sanctioned $100 per day for each of the eight (8) days his position paper is late. Failure to comply with this order shall constitute an independent basis for sanctions.

**IT IS SO ORDERED.**

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**