IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**SHANNON BAUM,**
 **Plaintiff,**

v.               No.  13-CV-01060 RB/KK

**OFFICER MICHELLE ORTEGA, OFFICER MARTIN VIGIL,
OFFICER GREG ESPARZA, and JOHN DOES 1 THROUGH 10**
in his/her official capacity as employees/law enforcement officer of
Espanola City Police Department, **ESPANOLA POLICE
DEPARTMENT,** a Department of the City of Espanola,
State of New Mexico; and **THE CITY OF ESPANOLA,** State of
New Mexico, County of Rio Arriba, State of New Mexico,
 **Defendants.**

**PLAINTIFF SHANNON BAUM ANSWER TO
DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

  **COMES NOW** Plaintiff and in answer to Defendant's Motion for Summary Judgment responds as follows:

<u>**INTRODUCTION**</u>

  Plaintiff does not contest that her arrest was with probable cause on the issue of DWI and on the issue of Battery on a Peace Officer.  Plaintiff in fact, did plead to an aggravated DWI because she did refuse to take a chemical test.  She also admitted and does admit that she battered a police officer due to her conduct in bear hugging the police officer to try to prevent her from hitting her.

The placing of a "spit hood" on her while she was in their police car however, was not necessary and was a specific aggravation of her condition from being excessively maced by the officers prior to being placed in the police unit.  The spit hood was not necessary and was done to inflict further suffering on her for her actions relating to Michelle Ortega. That act was what Officer Esparza chose to do and was not within the gambit of discretionary acts that are protected by the

1

constitution and qualified immunity.  The police officer was not in danger of being spat upon and the reaction of plaintiff was from chocking and being maced in the face and mouth.  She was cuffed, subdued and under arrest and in the patrol unit.  There was no danger of flight or harm to other officers.

There are significant genuine disputed issues of material facts which have nothing to do with Plaintiffs choice not to get medical treatment offered by the police.  The choice not to receive medical treatment is not relevant to the conduct of the police or to the unreasonable and unnecessary use of excessive force at the scene of the arrest and her treatment and humiliation after arrest at the jail where she was stripped of her clothes by male officers and put in a shower and leered at and humiliated by the officers while in the shower.  There is no basis to dismiss this case.  It needs to go before a jury and this kind of police conduct needs to be exposed.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND PLAINTIFF'S STATEMENT OF DISPUTED FACTS

1.   Plaintiff does not dispute that she went to the car wash located at 626 La Joya Street in Espanola. Paragraph 1.

2.   Plaintiff does not dispute that Ortega was informed by Martin Gonzales that Plaintiff appeared intoxicated but states that this is not a material fact essential to the disposition of this claim of excessive force and conduct of the police officers after Plaintiff was subdued and under arrest.

**3.**   Plaintiff does not dispute paragraph 4 that she consumed a ½ pint of vodka while driving and while at the car wash. This is not a material fact essential to the disposition of this claim. Ex B attached to Defendant's Motion for Summary Judgment

4.   Plaintiff does not dispute paragraph 5 of Defendant's Motion for Summary

Judgment. That she said "fuck this" and tried to get in her car and leave. Cited in Defendant's Ex B, p 37 lines 1-4

    5.  Plaintiff does not dispute paragraph 6 of Defendant's Motion for Summary Judgment that she resisted Officer Ortega. Cited in Defendant's Ex B

    6.  Plaintiff does not dispute paragraph 7 that she and Officer Ortega were struggling for the keys to the car.  Cited in Defendant's Ex A, p 27, lines 19-25, p 28, p 20 lines 1-22

    7.  Plaintiff does not dispute paragraph 8 that she landed on Officer Ortega after being pulled from the car by Officer Ortega. (Plaintiff's Exhibit 1, p 38 lines 10-19)

    8.  Plaintiff does not dispute paragraph 9 that there was a struggle between she and Officer Ortega outside the car. (Exhibit 1,  p 71, lines 2-4, 19-21)

    9.   Plaintiff does not dispute paragraph 10 that she held Officer Ortega in a bear hug to and let go of her when she heard sirens and footsteps running towards her and screaming to let go of her and to restrain Officer Ortega for hitting her. (Plaintiff's Exhibit 1, p 71,  lines 2-4, 19-21, Defendant's Ex B: p 71, lines 2,-4 19-21)

    10. Plaintiff does not dispute that Officer Ortega placed one hand cuff on her even though Officer Ortega does not remember when or how that occurred. Ex. A, 46 lines 10-23

    11. Plaintiff specifically D**ISPUTES** the facts alleged by Defendant in paragraph 12 of their Motion for Summary Judgment that plaintiff reached for Officers Ortega's gun and told her she was going to kill her with her own gun. (Plaintiff's Exhibit 1, p 38 lines 16-25, p39 lines 1-20, p 48 lines 7-14)

    12.  Plaintiff **DISPUTES** the facts recited in paragraph 13 of Defendant's Motion

3

for Summary Judgment that Officer Ortega maced her one time and states that once she heard the sirens and footsteps coming towards her she put her hands up and surrendered and was then continuously maced from all directions for 45 seconds to a minute after she was subdued. (Plaintiff's Exhibit 1, p 28 line 25. p 29 lines 1-25, p 30, lines 1-4, p 71, lines 11-21)

13. Plaintiff **DISPUTES** paragraph 14 of Defendant's Motion for summary Judgment that she did not know who specifically maced her in that the only officers at the scene were Officer Greg Esparza and Officer Martin Vigil. Officer Ortega had gone away in an ambulance. Ex B: p 2, line 25, p 29, lines 1-25, p 30, lines 1-4.

14. Plaintiff **DISPUTES** paragraph 15 of Defendant's Motion for Summary Judgment that Officer Greg Esparza did not mace her or that Officer Vigil did not mace her while she was being maced continuously for a period of time. EX 1, p 29 LL 1-25 , p 30, LL 1-2, p 41, LL 16-25) DEF Ex B: p 29. Lines 1-25 p 30, lines 1-2.

15. Plaintiff does not dispute paragraph 16 of Defendant's Motion for Summary Judgment that identify and define a spit bag. Plaintiff DISPUTES that she spit at officers. EX 2 (Esparza depo) p 20 LL 11-25, p 23 LL 14-19

16. Plaintiff does not deny the facts stated in paragraph 18 of Defendant's Motion of summary judgment that she spit at the partition on and back window of the patrol unit because she was spitting mace from her mouth. Plaintiff does not dispute that Officer Esparza put a spit bag on her head. EX 1 p 41 LL 16-25

17. Plaintiff does not dispute the facts recited in paragraph 20 of Defendants Motion for summary Judgment, that she was read the implied consent law by Esparza. and did refuse to do a chemical test

18. Plaintiff does not dispute paragraphs 22-24 of Defendant's undisputed facts.

## SUMMARY JUDGMENT MUST BE DENIED BECAUSE THERE ARE DISPIUTED MATERIAL FACTS

A fact is material if it is essential to the proper disposition of the claim. The case at bar relies on the testimony of plaintiff and the testimony of the police.  The police deny the allegations made by plaintiff.  They admit that plaintiff was maced and arrested by Esparza and Vigil and placed in a police car with a spit hood on her head.  They deny that they maced her more than one time and plaintiff testifies that she was maced constantly from several directions and that she was blinded and could not see after the first macing.  She knew she was being handled by the police but could not see who exactly was handling her.  The police officers themselves admit they wert her and arrested her and put a spit bag on her and tool her to the police station and arrested her.   She has stated under oath that she was stripped naked and put in a shower by male officers. She states that she was dragged with her arms up in the air behind her back and injured her shoulder as a result of that conduct.  Officer Esparza says he stood her up and walked her to the car.  She states that her face was slammed into the ground which caused her front tooth to be killed. The police deny this.  There were at least three police units present (Officer Vigil's unit and Officer Esparza's unit and Officer Ortega's unit but the defendants have denied there is any video coverage at any stage of this incident from any unit.  No belt tapes, no functioning dash cam from any of the police units present. No lapel cameras, no equipment issue records, no jail video of the booking area or holding cell areas.  Officer Ortega states she was punched with a closed fist and hit several times but there is no hospital record that verifies she had anything wrong with her other than mace exposure. There are no EMT or fireman reports produced. There is no physical evidence of any kind produced by Defendant's.  It is simply their word against Plaintiff's word.

5

The question is "can a rationale trier of fact resolve the disputed issues either way." In the present case it is clearly the word of police without evidence of any kind against the word of Plaintiff. Plaintiff has physical injuries to her tooth, her shoulder, she was excessively maced, humiliated and mentally damaged because of how she was stripped and thrown into a shower by male officers, she has lost work because of the injury to her shoulder.

Plaintiff has demonstrable damages that came from somewhere. She testifies that it came from the police after she was subdued and after she was arrested. Her testimony and the resulting injuries are not speculative. A reasonable jury could easily find in her favor.

Plaintiff's claim is not speculative or based on ignorance of the facts. She lived through the incident and the officers who responded have verified their presence and portions of their conduct. Specific identification of each perpetrator cannot be made because she was blinded by mace. Blinded and now put in a position where Defendants are asking for dismissal because she is unable to identify what each police officer did after being disabled (blinded) by the very persons who are now claiming she cannot identify them.

## QUALIFIED IMMUNITY

Officer Esparza could have no doubt that he exceeded the necessary and Constitutionally permissible bounds when he arrested Plaintiff. He states in his own report that he saw Plaintiff on the ground rolling around and screaming in pain from being maced by Officer Ortega. There was no need to further mace Plaintiff since she was already subdued and under control. Officer Vigil was attempting to place Plaintiff's other hand in the cuffs and Officer Esparza states in his report that he assisted Officer Vigil in securing her other hand. Officer Esparza arrived to see his fellow officer (a female) roughed up and appearing that she had been in a fight. It is reasonable to objectively believe that he over reacted to the situation by again

6

spraying Plaintiff with mace and by dragging her to his car and by placing a spit bag on her head when he knew she had been maced by himself, Officer Ortega and Officer Vigil.  It is objectively reasonable to believe Plaintiff's face was forced into the ground because Esparza aided Vigil in placing cuffs on Plaintiff's free hand.  She was on the ground and was not attacking anyone, screaming in pain and submissive to being arrested.  The representation that he stood her up and put her the police car in contrary to what Plaintiff has stated and the excessive macing, dragging her to the car with her hands behind her, the actual injury to her shoulder and tooth and the excessive macing are objective indications of the unconstitutional conduct.

The facts in this case do not show that the conduct alleged is constitutional or reasonably necessary.  There were at least three armed, trained police officers present. Two of whom were large male officers.  Macing and manhandling someone when physical control is easily accomplished is not reasonable under the circumstances and does not show mistaken belief or justification for the degree of force used.

There was never any injury to Officer Ortega that would have justified a charge of aggravated assault on a police, there was no evidence that Plaintiff attempted to disarm Michelle Ortega other than her own statements.

It is not objectively reasonable to assume that an Officer could reasonably believe that the force exerted in this case was based on a good faith belief that the force used was necessary.

The stripping of the Plaintiff by the arresting(male)Officer was also not reasonable and was excessive under the circumstances.

## PROBABLE CAUSE EXISTED FOR ARREST FOR DWI AND BATTERY ON A POLICE OFFICER

Plaintiff does not dispute that probable cause existed for arrest for DWI nor does

Plaintiff dispute that it appeared to a reasonable police officer that there had been a battery, based on Officer Ortega's appearance.'

The problem is not the justification for the arrest but the excessive force inflicted after the arrest. The excessive charging is further objective evidence of the conduct of Defendant's attempt to harm Plaintiff physically and emotionally and to justify their conduct.  As stated there was no evidence of injury to Officer Ortega.  There was no evidence of intent to injure Officer Ortega and nothing but her word about the weapon.

Based on the fact known to Officer Esparza at the scene it does appear that there was probable cause for the arrest for DWI and resisting arrest. Officer Esparza spoke to Officer Ortega and saw the extent of her injuries which consisted of scrapped knees, nothing more. Her complaint at the hospital was mace exposure and no injuries were noted or treated.  The charging was excessive and not justified by the physical evidence known to the officer at the scene.

## EXCESSIVE FORCE

Qualified Immunity operates to protect Officers from the sometimes hazy border between excessive and acceptable force and to ensure that, before they are subjected to suit, officers are on notice that their conduct is unlawful. See Saucier v Katz, 533 U.S. 194, 206, 150 L.Ed.2d 272 (2002).

The question as to whether the use of force is reasonable is analyzed I light of the circumstances confronting the Officers, without regard to their underlying intent or motivation.  Graham v Conner, 490 U.S. 386,397, 109 S.Ct. 1865 (1989)

The above cases set out factors to be considered in evaluating the reasonableness of the amount of force used.  1. The severity of the crime at issue.  Here, it was a DWI and possibly resisting arrest.  There was no evidence of aggravated assault on a police officer based on the officers

observation of the injuries. The allegation of disarming was only coming from Officer Ortega. She had her gun in her holster and there was nothing to indicate that it was ever taken from her.

2. Was Plaintiff an immediate threat? The suspect was on the ground screaming from pain and clearly disabled due the macing she had received. She was not a threat and was subdued but for her "rolling around in pain"

3. The suspect was not actively resisting or attempting to evade or run as she was already down and submissive. The three factors to consider do not justify summary Judgment. What the scene revealed was an officer who appeared to have been in a scuffle who called for backup and a suspect on the ground who had been maced and was not doing anything but reacting to the mace. No further force or mace was necessary.

The Graham factors do not favor Defendant's in this case.

Defendant relies on his own version of undisputed facts in this case and relies on information that was given after the fact by Officer Ortega and after the suspect was cuffed and in the police car. The information was received after the excessive macing had taken place. The conduct of the police in stripping Plaintiff at the jail was not in any way related to the factors outlined by Graham. It was excessive and extreme and unjustified.

## FOURTEENTH AND EIGHTH AMENDMENTS

The law as set out in Olsen v Layton Hill Mall, 312 F.3d 1304,1315 (10th Cir. 202) is undisputable as is the law set out in Robbins v Oaklahoma, 519 F.3rd 1242, 1249-1250, (10th Cir. 1993)

In this case Palintiff was engaged with Officer Michelle Ortega which fact is not in dispute. Officrs Martin Vigil and Greg Esparza responded to a back up call from Michelle Ortega to

dispatch requesting aid and those officers responded.  Defendant Esparza describes in this police report and in his deposition. (Ex 2, depo of esparza, p 11 LL 10-20).

Plaintiff was subdued and on ground and not resisting or presenting a danger to any person including Officer Ortega.  Ex 2, p 12, LL  3-25.  Plaintiff was secured and Michelle Ortega was checked by Esparza.  The only officers who could have maced Plaintiff were Ortega, Vigil and Esparza.  Plaintiff testifies under oath that she was sprayed constantly from all directions with Mace and placed in a police car with a spit hood.  She was blinded but was clear about who the culprits were.  Plaintiff's allegations are affirmatively linked to the individual Defendants and affirmatively linked to the Espanola Police Department.  Likewise her allegations regarding how she was treated in the jail are affirmatively linked to those defendants.

      WHEREFORE, Plaintiff request that Defendants Motion for Summary be denied and for such other relief as the Court deems fair and meet under the circumstances.

                                      Respectfully submitted,

                                      **/s/ Daniel R. Marlowe**
                                      Daniel R. Marlowe
                                      Attorney for Plaintiff
                                      P.O. Box 8207
                                      Santa Fe, NM  87504-8207
                                      (505) 988-1144
                                      dan@danmarlowelaw.com

### CERTIFICATE OF SERVICE

I CERTIFY that I electronically served a true copy of the above response to Defendant's Motion for Summary Judgment on this 10th day of November 2014 by filing a true copy with the Federal electronic filing system and by emailing to mbasham@bbpcnm.com

                /s/      **Daniel R. Marlowe**

Daniel R. Marlowe