IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHANNON BAUM,
    Plaintiff,

v.                                               No. 13-CV-01060 RB/KK

OFFICER MICHELLE ORTEGA, OFFICER MARTIN VIGIL,
OFFICER GREG ESPARZA, and JOHN DOES 1 THROUGH 10
in his/her official capacity as employees/law enforcement officer of
Espanola City Police Department, ESPANOLA POLICE
DEPARTMENT, a Department of the City of Espanola,
State of New Mexico; and THE CITY OF ESPANOLA, State of
New Mexico, County of Rio Arriba, State of New Mexico,
    Defendants.

## REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST PLAINTIFF SHANNON BAUM

**COME NOW** the Defendants Officer Michelle Ortega, Officer Martin Vigil, Officer Greg Esparza, John Does 1 through 10, Espanola Police Department and the City of Espanola ("City of Espanola Defendants"), by and through their attorneys of record Basham & Basham, P.C., (Mark A. Basham) and for their Reply in Support of Motion for Partial Summary Judgment, state as follows:

### INTRODUCTION

On October 28, 2014, Defendants filed their Motion for Partial Summary Judgment Against Plaintiff Shannon Baum. [DOC 45] Defendants' Motion contended that no genuine issues of material fact existed as to whether the arrest of Shannon Baum was supported by probable cause. *Id.* at pp. 8-9. According to her Response, Plaintiff Baum conceded that probable cause existed for two of the charges for which she was arrested: Battery on a Police Officer and Aggravated Driving Under The Influence. [DOC 46, p. 1] Furthermore Defendants' Motion argued that no genuine issues of material fact existed whether Plaintiff's voluntary

1

denied medical treatment while at the Espanola Detention Center.  [DOC 45, pp. 12-13]  Plaintiff's Response conceded this point as well.  [DOC 46, p. 2]  Finally, Defendants stated that no genuine issue of material facts existed on whether Ms. Baum's clearly established constitutional rights were violated when she was maced during her arrest and a "spit hood" was later placed over her head.  [DOC 45, pp. 9-12]  Plaintiff's Response failed to satisfy the burden of proof used in qualified immunity motions for summary judgment.  As a result, partial summary judgment must be granted against Plaintiff Shannon Baum's claims for unlawful arrest and seizure, denial of medical treatment and excessive force.

**UNLAWFUL ARREST AND SEIZURE**

 "Probable cause exists 'where facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing than an offense has been or is being committed.'"  *Marshall v. Columbia Lea Reg'l Hosp.,* 345 F.3d 1157, 1166 (10th Cir. 2003) *quoting Karr v. Smith,* 774 F.2d 1029, 1031 (10th Cir. 1985).  "Probable cause to arrest exists where, under the totality of the circumstances, a reasonable person would believe that an offense has been committed by the person arrested."  *Morris v. Noe,* 672 F.3d 1185, 1192 (10th Cir. 2012).

On June 7, 2011, Shannon Baum was arrested for the following offenses:  Aggravated Battery Upon Peace Officer; Disarming a Peace Officer; Resisting, Evading or Obstructing an Officer (2 Counts); and, Aggravated Driving While Under the Influence of Intoxicating Liquor or Drugs.  [Defendants' Material Fact No. 20; DOC 45, p. 4]

Plaintiff's Response stated:  "Plaintiff does not contest that her arrest was with probable cause on the issue of DWI and on the issue of Battery on a Peace Officer.  Plaintiff in fact, did plead to an aggravated DWI because she did refuse to take a chemical test.  She also admitted

and does admit that she battered a police officer due to her conduct in bear hugging the police officer to try to prevent her from hitting her." [DOC 46, p. 1]

While Plaintiff Baum has denied that she ever attempted to reach for Officer Michelle Ortega's sidearm during the scuffle [Plaintiff's Response to Defendants' Statement of Disputed Material Facts and Plaintiff's Statement of Disputed Facts No. 11; *id.* at p. 3], this disputed fact is immaterial and irrelevant since Plaintiff has already admitted that probable cause existed for the other criminal offenses that formed the basis of her arrest. Hence summary judgment must be granted in Defendants' favor on Plaintiff's Fourth Amendment Unlawful Arrest and Seizure claim.

## **FOURTEENTH & EIGHTH AMENDMENT VIOLATIONS**

In their Motion for Partial Summary Judgment, Defendants contended that no genuine issue of a material fact exists that Plaintiff Shannon Baum refused medical treatment while at the Espanola Detention Center. [Defendants' Material Fact No. 22; DOC 45, p. 4] Plaintiff Baum refused medical treatment because she signed the form for refusing medical treatment. *Id.* Plaintiff's Response does not dispute Defendants' Material Fact No. 22. [DOC 46, p. 4] In fact, the Response made no argument whatsoever in support of her denial of medical treatment claim. Rather the Response only stated: "There are significant genuine disputed material facts which have nothing to do with Plaintiffs choice not to get medical treatment offered by the police. The choice not to receive medical treatment is not relevant to the conduct of the police or to the unreasonable and unnecessary use of excessive force at the scene of her arrest …" *Id.* at p. 2. Likewise, the Response never addressed at all how pretrial detainees claims are governed by the Fourteenth Amendment and not the Eighth Amendment. As such, summary judgment is proper

3

against Plaintiff's Fourteenth and Eighth Amendment claims in connection with her alleged denial of medical treatment at the Espanola Detention Center.

### EXCESSIVE FORCE

The Defendants are entitled to summary judgment on Plaintiff's excessive force claim based on qualified immunity grounds.

A police officer is entitled to raise qualified immunity as a defense if (1) he was performing a discretionary function and (2) he did not violate a clearly established constitutional or statutory right of which a reasonable person in his position would have known. *Anderson v. Creighton,* 483 U.S. 635, 638-39, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). "Qualified immunity shields government officials from liability were 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sisneros,* 685 F.Supp.2d at 1201 (D.N.M. 2010) *citing Pearson v. Callahan,* 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

Plaintiff Shannon Baum has not met her burden as the nonmovant to this instant dispositive motion. While Plaintiff has attempted to raise genuine issues of material fact as to whether she was maced excessively or whether the use of the spit hood was excessive [Plaintiff's Response to Defendants' Statement of Disputed Material Facts and Plaintiff's Statement of Disputed Facts Nos. 12, 13, 14 & 16; DOC 46 at p. 4], Plaintiff must do something more than raise genuine issues of material facts when responding to a qualified immunity summary judgment motion. To defeat such a motion, Plaintiff must make a demonstrable showing as to whether a constitutional right was violated and whether this right was clearly established at the time of Plaintiff's arrest. Plaintiff's proffered disputed facts can only be deemed immaterial without such a demonstrable showing.

The initial burden typically accorded to the moving party is shifted when the motion for summary judgment is based on qualified immunity.  *See, Koch v. City of Del City,* 660 F.3d 1228, 1238 (10th Cir. 2011).  Whenever a moving party asserts qualified immunity at the summary judgment phase, it is the non-moving party that bears the burden of showing that (1) the defendant violated a constitutional right, and (2) the right was clearly established at the time of the alleged unlawful activity.  *Id.; Lundstrom v. Romero,* 616 F.3d 1108, 1118 (10th Cir. 2010) *citing Riggins v. Goodman,* 572 F.3d 1101, 1107 (10th Cir. 2009).  "If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment—showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.  *Koch,* 660 F.3d at 1228 (internal quotations and citations omitted).

Plaintiff has failed to show a violation of a clearly established constitutional right at the time of her arrest.

"The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established.  … Instead, for any court to reach a determination that a violation of clearly established law has taken place a "more particularized" inquiry is required.  The court must ask whether 'every reasonable official would have understood that *what he [did]* violate[d] that right. … To satisfy this standard, '[w]e do not require a case directly on point,' but neither may a district court deny immunity unless 'existing precedent [has] placed the statutory or constitutional question *beyond debate.*'"  *Kerns v. Bader,* 663 F.3d 1173, 1183 (10th Cir. 2011)(internal citations omitted).

5

Plaintiff cites to no case precedent as to whether a violation of a clearly established constitutional right occurred under the circumstances of this case. Plaintiff claimed throughout her Response that the use of force was excessive in this case. However, mere argument alone is insufficient to establish whether a violation of a clearly established constitutional right was evident at the time of Plaintiff's arrest. The District Court requires something more. The Court requires the Plaintiff to cite to some analogous or near analogous case from the 10th Circuit indicating that the complained-of constitutional violation was clearly established at the time of her arrest. She has not since no precedent existed at the time of her arrest—June 7, 2011. [DOC 1, p. 4]

Even case precedent decided after her arrest suggests the opposite conclusion. Defendants has found two (2) cases from the 10th Circuit that address qualified immunity in the context of use of force when arresting intoxicated persons. Neither case is helpful to Plaintiff's excessive force claim. In a 10th Circuit case, the plaintiff failed to carry his burden to show the existence of a clearly established right when he was thrown to the ground following a field sobriety test. *Becker v. Bateman,* 709 F.3d 1019, 1021, 1025 (10th Cir. 2013). Also *Becker* specifically noted the absence of precedent as to whether such a constitutional right was clearly established at the time of plaintiff's arrest. *Id.* at 1024-25. In a District of New Mexico case, qualified immunity was denied when a plaintiff who was intoxicated at the time of his arrest was shot five (5) times with bean bags from a shotgun, was subjected to a "flash-bang" device, was shot with a canister of four (4) batons, was severely bitten by a police service dog and was finally Tasered while lying on the ground. *Nelson v. City of Albuquerque,* Civ. No. 10-533 BB/DJS (D.N.M. April 12, 2012). While the instant case facts are more analogous to *Becker* than to *Nelson,* neither case was decided at the time of Plaintiff's arrest. Regardless, Plaintiff has

6

failed to show how her complained-of constitutional right was clearly established on June 7, 2011.

Similarly, Plaintiff's disputed facts as to whether she was maced excessively or whether the use of the spit hood was excessive [Plaintiff's Response to Defendants' Statement of Disputed Material Facts and Plaintiff's Statement of Disputed Facts Nos. 12, 13, 14 & 16; DOC 46, p. 4] are immaterial under the *Graham* factors.

As stated previously, Plaintiff's Response concede the validity of the Aggravated Battery Upon Peace Officer, Resisting, Evading or Obstructing an Officer and Aggravated Driving Under the Influence of Intoxicating Liquor or Drugs charges that formed the basis of Plaintiff's arrest. Plaintiff's dispute with the Disarming a Peace Office charge is immaterial given the severity of these other crimes, which Plaintiff admittedly does not dispute.

Also, Plaintiff admitted to being intoxicated [Plaintiff's Response to Defendants' Statement of Disputed Material Facts and Plaintiff's Statement of Disputed Facts No. 3; DOC 46, p. 2] and to holding Officer Michelle Ortega in a bear hug [*Id.* at p. 1]. Hence, the second *Graham* factor is met on whether a plaintiff posed an immediate threat to officers and others. By her violent and drunken actions, the individual Defendants could reasonably believe that their own safety and the safety of others were threatened.

Finally, the third *Graham* factor is met since Plaintiff has already admitted that she resisted Officer Ortega. [Defendants' Material Fact No. 6; DOC 45, p. 3] Plaintiff further admits to holding Officer Michelle Ortega in a bear hug and having only one hand-cuff on before she was maced. [Plaintiff's Response to Defendants' Statement of Disputed Material Facts and Plaintiff's Statement of Disputed Facts No. 10; DOC 46 at p. 4] Finally Plaintiff admits to some kind of spitting while in the patrol car, necessitating the need for a spit hood. [Plaintiff's

Response to Defendants' Statement of Disputed Material Facts and Plaintiff's Statement of Disputed Facts No. 16; *Id.*]  Plaintiff attempts to raise a genuine issue of material fact by claiming that she was maced "from all directions for 45 seconds to a minute."  [Plaintiff's Response to Defendants' Statement of Disputed Material Facts and Plaintiff's Statement of Disputed Facts No. 12; *Id.* at pp. 3-4]  However, Plaintiff's factual assertions are not based on personal knowledge since she could not see the officer(s) who maced her.  She could not independently determine whether the mace used on her came from a single source or from multiple sources.  She has created a sham issue of fact.  In any event, Plaintiff cannot affirmatively link any of the individual Defendants to the complained-of macings.  *See, Butler v. City of Norman,* 992 F.2d 1053, 1055 (10th Cir. 1993)(complaint allegations must be affirmatively linked to individual defendants.)

The force used [namely, the single mace application and the use of the spit hood] was proportionate to the circumstances.  The Defendants are entitled to summary judgment on qualified immunity grounds against Plaintiff's excessive force claim.

**WHEREFORE**, the City of Espanola Defendants respectfully request that the Court grant partial summary judgment in their favor, and for such other and further relief that the Court deems is appropriate.

        Respectfully submitted,

        Basham & Basham, P.C.

        ***/s/ Mark A. Basham***
        Mark A. Basham
        2205 Miguel Chavez, Suite A
        Santa Fe, New Mexico 87505
        505-988-4575
        mbasham@bbpcnm.com
        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of November, 2014, I filed *Reply in Support of Defendants' Motion for Partial Summary Judgment Against Plaintiff Shannon Baum* which caused all counsel of record to be served by electronic means or by US Mail, as more fully reflected on the Notice of Electronic Filing:

*/s/ Mark A. Basham*
Mark A. Basham